AMERICAN PERMAC, INC., Boewe System & Machinery, Inc., and Boewe Maschinenfabrik, GmbH, Plaintiffs,

v.

The UNITED STATES, Defendant.

Court No. 85–01–00050.

United States Court of International Trade.

June 14, 1989.

Barnes, Richardson & Colburn (Rufus E. Jarman, Jr., New York City, and Sandra Liss Friedman, Omaha, Neb.), for plaintiffs.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Velta A. Melnbrencis, New York City), for defendant.

### MEMORANDUM OPINION AND ORDER

WATSON, Judge:

In *American Permac v. U.S.*, CIT, 703 F.Supp. 97, December 1, 1988, this Court remanded to the International Trade Administration ("ITA") the final results of the administrative review on dry cleaning machinery from West Germany (50 Fed.Reg. 1256, January 10, 1985). In these final results, the ITA had determined that plaintiff, a West German manufacturer of dry cleaning machinery, did not qualify for a level-of-trade adjustment.

On March 20, 1989, the ITA issued the *Revised Final Results of Antidumping Duty Administrative Review Pursuant to Court Remand* granting an adjustment for the difference in the levels-of-trade, which resulted in the reduction of the weighted-average dumping margins from 30.05 percent to 15.85 percent.

Plaintiffs are challenging the remand results alleging that the ITA failed to include in the calculation of the level-of-trade adjustment the additional retailing expenses of handling the traded-in used machinery, and that the ITA failed to account for the additional general and administrative ex-

penses of retailing the merchandise. Plaintiffs allege that these expenses would not be incurred in home market sales to distributors.

The Court will not disturb the *Revised Final Results,* because they are issued in full compliance with this Court's holding that

The estimation of this adjustment is implicitly required by law, which prescribes this adjustment precisely because no actual sales at a distributors' level of trade existed in Germany.

\* \* \* \* \* \*

The administering agency possesses the expertise necessary to estimate the hypothetical price to distributors in Germany and, as we found in *Tupy [Fundicao Tupy S.A. v. United States,* 678 F.Supp. 898 (CIT 1988) ] the ITA may accept "evidence as to what costs might be in certain hypothetical situations". Even though *the ITA was not required to use plaintiffs' estimations of the adjustments,* it could utilize plaintiffs' data to arrive at its own estimates.

*American Permac, Supra* at 101 (emphasis added, footnote omitted).

The Court did not prescribe any specific methods of calculating this adjustment leaving this decision within the proper realm of the agency's discretion. Since plaintiffs' allegations fail to demonstrate that the ITA abused its discretion in calculating the level-of-trade adjustment, a final judgment will be entered affirming the *Revised Final Results of Antidumping Duty Administrative Review Pursuant to Court Remand.*

SO ORDERED.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

The *Revised Final Results of Antidumping Duty Administrative Review Pursuant to Court Remand,* dated March 20, 1989 is affirmed.