**AMERICAN PERMAC, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 97–149.**
**Court No. 94–10–00589.**

United States Court of International Trade.

Nov. 12, 1997.

622

Barnes, Richardson & Colburn (Rufus E. Jarman, Jr. and Alan Goggins), New York City, for plaintiff.

Frank W. Hunger, Assistant Attorney General of the United States; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Civil Division, United States Department of Justice (James A. Curley), Edward N. Maurer, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

### OPINION

CARMAN, Chief Judge.

This matter is before the Court on cross-motions for summary judgment pursuant to U.S. CIT R. 56(a). Plaintiff offers three alternative arguments in support of its contention the entries of dry cleaning machinery from Germany in question became liquidated by operation of law prior to Customs' liquidation of the entries on April 22, 1994. Plaintiff asserts the entries became liquidated by operation of law "as entered", at the amount of "the duty paid upon entry, not the amount of the bond." (Pl.'s Br. in Supp. of Mot. for Summ. J. ("Pl.'s Br.") at 18.)

In opposing plaintiff's motion for summary judgment, defendant argues the entries at issue were not eligible to become liquidated by operation of law, and asserts that if the entries did become liquidated by operation of law, "then the liquidated duty is the amount of the bond posted for each entry." (Answer ¶ 40.) Additionally, defendant has filed a counterclaim pursuant to 28 U.S.C. § 1583, maintaining the entries in question were not liquidated correctly in 1994 and that as a result, plaintiff is liable for the difference between the proper antidumping duties and the amount of antidumping duties assessed when the entries were liquidated in 1994.

### BACKGROUND

#### A. The Facts

This matter concerns three entries of dry cleaning machinery from Germany which entered the United States in late 1979. At the time of its entry into the United States, the imported merchandise was subject to an antidumping duty order, *see Final Determination of Sales at Less Than Fair Value; Drycleaning Machinery From the Federal Republic of Germany,* 37 Fed.Reg. 23,715 (Dep't Comm.1972), and liquidation of the merchandise was suspended pending the completion of an administrative review covering subject merchandise which entered the United States between July 1, 1979 to June 30, 1980. This final results of the administrative review were published by the Department of Commerce ("Commerce") on January 10, 1985. *See Drycleaning Machinery From West Germany; Final Results of Administrative Review of Dumping Finding,* 50 Fed.Reg. 1,256 (Dep't Comm. 1985).

The findings of Commerce's administrative review were challenged in this Court. In the course of that litigation, the Court issued a preliminary injunction which further suspended liquidation of the merchandise at issue, pending the issuance of a final judgment. Following a remand to Commerce, this Court affirmed the findings made in Commerce's administrative review. *See American Per-*

*mac, Inc. v. United States,* 714 F.Supp. 1244, 13 CIT 487 (1989) (*"American Permac I"*). When the time for appeal expired on August 14, 1989, the Court's judgment became final and conclusive. *See* 28 U.S.C. § 2645(c) (1988) (providing a decision by the United States Court of International Trade "is final and conclusive, unless a retrial or rehearing is granted . . . or an appeal is taken to the Court of Appeals for the Federal Circuit by filing a notice of appeal with the clerk of the Court of International Trade within the time and in the manner prescribed").

Once this Court's judgment became final on August 14, 1989, this Court's order suspending liquidation of the entries in question was lifted. *See, e.g., Volume Footwear Retailers of America v. United States,* 10 CIT 12, 14 (1986) (absent special circumstances, "[i]t is abundantly clear that a preliminary injunction dissolves when the case is dismissed or final judgment is entered"). On October 24, 1989, slightly more than two months after this Court's judgment in *American Permac I* became final, the Customs Information Exchange distributed instructions from Commerce to liquidate the entries covered by the administrative review and to assess antidumping duties in accordance with the remand determination affirmed by this Court in *American Permac I.* The entries at issue were ultimately liquidated by Customs on April 22, 1994, approximately four and one-half years after the Customs Information Exchange issued its liquidation instructions.

### B. Statutory Provisions

The statute principally at issue in this matter is 19 U.S.C. § 1504. The statute in effect at the time this Court's judgment in *American Permac I* became final, and thus when the entries in question were first eligible to be liquidated, provides in relevant part:

**(a) Liquidation**

Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:

(1) the date of entry of such merchandise; . . .

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer of record. . . .

**(b) Extension**

The Secretary may extend the period in which to liquidate an entry by giving notice of such extension to the importer of record in such form and manner as the Secretary shall prescribe in regulations, if—

. . .

(2) liquidation is suspended as required by statute or court order; . . . .

. . . .

**(d) Limitation**

Any entry of merchandise not liquidated at the expiration of four years from the applicable date specified in subsection (a) of this section, shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record, unless liquidation continues to be suspended as required by statute or court order. When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom.

19 U.S.C. § 1504 (1988).

In 1993, 19 U.S.C. § 1504 was amended by the North American Free Trade Agreement Implementation Act, Pub.L.No. 103–182, § 641, 107 Stat. 2057, 2204–05 (1993) [hereinafter "NAFTA Implementation Act"]. The NAFTA Implementation Act revised the statute to provide in relevant part:

**(d) Removal of Suspension**

Except as provided in section 1675(a)(3) of this title, when a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry. Any entry not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.

19 U.S.C. § 1504(d) (1994). This section of the Act took effect on December 8, 1993, the

date the Act was signed into law by the President. *See id.* at § 692, 107 Stat. 2225.

## CONTENTIONS OF THE PARTIES

### A. *Plaintiff*

Plaintiff raises three principal arguments in support of its position that the entries in question became liquidated by operation of law prior to Customs' purported liquidation of the entries on April 22, 1994. First, plaintiff argues, pursuant to 19 U.S.C. § 1504(d) (1988), the three entries at issue became liquidated by operation of law ninety days after this Court's judgment in *American Permac I* became final. Plaintiff argues "[p]ursuant to [the statute], ... Customs was required to liquidate the entries within 90 days after the removal of the suspension from liquidation" (Pl.'s Br. at 7), and Customs' failure to liquidate the entries within ninety days after the suspension on liquidation was lifted resulted in the entries being liquidated by operation of law.

Second, plaintiff argues the three entries became liquidated by operation of law as the result of the retroactive application of an amendment made to 19 U.S.C. § 1504(d) by the NAFTA Implementation Act. The amendment provides that entries which have been suspended from liquidation become liquidated by operation of law if they are not liquidated within six months of Customs receiving notice that the suspension of liquidation has been lifted. Plaintiff asserts Customs was on notice the suspension of liquidation had been lifted no later than October 24, 1989, when the Customs Information Exchange issued liquidation instructions addressing the subject merchandise. Plaintiff argues "[s]ince the entries were not liquidated within six months of this date, they were deemed liquidated as entered by operation of law." (Pl.'s Br. at 5.)

Finally, plaintiff argues the three entries were liquidated by operation of law because, according to the plaintiff, "[t]he legislative history and the statute itself clearly demonstrate that 19 U.S.C. § 1504 (1980) is a statute of limitations." (Pl.'s Reply Br. in Supp. of Mot. for Summ. J. and in Opp'n to Def.'s Cross–Mot. for Summ. J. ("Pl.'s Reply Br.") at 6.) Specifically, plaintiff reads 19 U.S.C.

§ 1504(d) to establish a "four year statute of limitations ... [which] is tolled until removal of the suspension. Once suspension is removed, running of the statute of limitations commences." (*Id.* at 10.) Plaintiff contends the passage of more than four years between suspension of liquidation of the entries being lifted in 1989 and Customs' purported liquidation of the entries in 1994 resulted in the entries becoming liquidated by operation of law.

### B. *Defendant*

The government responded to plaintiff's assertions by filing a cross-motion for summary judgment, as well as a counterclaim, pursuant to 28 U.S.C. § 1583. In its cross-motion for summary judgment, defendant rejects plaintiff's first argument, maintaining the entries were not eligible to become liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) (1988) because "entries [that are suspended from liquidation on and after the fourth anniversary of their entry] are not 'deemed liquidated' [pursuant to 19 U.S.C. § 1504(d) (1988)] if liquidation does not take place within 90 days, as it does in the first sentence for entries less than four years old when suspension of liquidation is removed." (Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. and in Supp. of Cross–Mot. for Summ. J. ("Def.'s Br.") at 4.)

Defendant maintains Customs did not abuse its discretion despite the passage of nearly four and one-half years from when Customs was instructed to liquidate the entries to their actual liquidation. Defendant asserts "[e]ven assuming for the sake of argument that Customs was not diligent in liquidating the entries, it does not follow that the agency's actions were unreasonable or otherwise amounted to an abuse of discretion." (*Id.* at 9.) Additionally, defendant observes "American Permac has not shown that it suffered any prejudice as a result of the delay", nor has it "shown that it ever inquired of Customs why the entries had not been liquidated, or otherwise took steps to bring about earlier liquidations." (*Id.* at 10.)

Defendant also rejects plaintiff's second argument, asserting 19 U.S.C. § 1504(d)

(1994), which reflects amendments included in the NAFTA Implementation Act, does not apply retroactively to liquidate the entries at issue by operation of law. Defendant maintains neither the statutory language of 19 U.S.C. § 1504(d) (1994) nor its legislative history "indicate[s] that the amendment is applicable to entries for which notice of removal of suspension occurred before the amendment took effect." (Def.'s Br. at 13.) In support of this argument, defendant also contends "[w]hen Congress intended the amendments of the NAFTA Implementation Act to apply to entries made prior to the effective date of the Act, it provided expressly for that." (*Id.* at 14 (citing NAFTA Implementation Act, § 632, 107 Stat. 2192)).

Similarly, defendant contests plaintiff's third argument, contending plaintiff's assertion that 19 U.S.C. § 1504(d) (1988) should be read to provide a four year statute of limitations is contrary to "the plain meaning of § 1504(d)." (Def.'s Br. at 11.) Defendant argues the statute "does not provide that entries which are four years old when suspension of liquidation is removed, such as we have here, become deemed liquidated [by operation of law]." (*Id.*) Rather, defendant asserts "[t]he only requirement imposed by § 1504(d) on four-year-old entries is that they be liquidated within 90 days, which is directory only." (*Id.*)

Finally, defendant filed a counterclaim pursuant to 28 U.S.C. § 1583, asserting plaintiff is liable for antidumping duties which were under-assessed against certain entries at liquidation. According to defendant, two dry cleaning machines liquidated under entry number 515334–3 and 515210–8 were not assessed the appropriate amount of antidumping duties. Defendant asserts plaintiff is liable for the difference, $7,186.04, plus interest as provided for in 28 U.S.C. § 2644 from the date the entries were liquidated until the date of payment.

## STANDARD OF REVIEW

This case is before the Court on the parties' cross-motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." U.S. CIT R. 56(d). After reviewing all the parties' submissions, the Court finds that there is no genuine issue of material fact. As a result, the Court will only address the remaining questions of law.

## DISCUSSION

The Court has little difficulty disposing of plaintiff's first and third arguments, which contend the entries became liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) (1988), the version of the statute in effect prior to enactment of the NAFTA Implementation Act on December 8, 1993.

■ First, the Court rejects plaintiff's argument that the entries in question became liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) (1988) when Customs failed to liquidate the entries within ninety days after the suspension of liquidation was lifted. In making this argument, plaintiff attempts to distinguish *Canadian Fur Trappers Corp. v. United States*, 12 CIT 612, 691 F.Supp. 364 (1988), *aff'd*, 7 Fed. Cir. (T) 136, 884 F.2d 563 (1989), in which the Court clearly held the ninety-day period in § 1504(d) of the pre–NAFTA Implementation Act statute was directory rather than mandatory. Plaintiff's arguments are not persuasive. The Court's holding in *Canadian Fur Trappers Corp.* is unequivocal and clear. *See Canadian Fur Trappers Corp.*, 12 CIT at 618, 691 F.Supp. at 369 ("[T]he statutory language and structure ... compel[ ] the conclusion that the provision is directory."). This holding was affirmed on appeal by the United States Court of Appeals for the Federal Circuit. *See Canadian Fur Trappers Corp.*, 7 Fed. Cir. (T) at 139, 884 F.2d at 566 ("[T]he lack of consequential language in the latter part of section (d) ... leads us to conclude that Congress intended this part of section (d) to be only directory.").

Additionally, the Court rejects plaintiff's efforts to argue Congress' passage of the NAFTA Implementation Act in 1993 "implicitly [reflects] that [the *Canadian Fur Trappers* ] decision was never the result intended

by Congress," (Pl.'s Br. at 8.). The Court is particularly unpersuaded by plaintiff's attempt to characterize the legislative intent of the Congress which originally enacted 19 U.S.C. § 1504(d) by actions taken more than a decade later by a subsequent Congress. *See, e.g., Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 117, 100 S.Ct. 2051, 2061, 64 L.Ed.2d 766 (1980) ("[V]iews of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.") (citation omitted); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979) (noting " '[i]t is the intent of the Congress that enacted [the provision] . . . that controls' " and subsequent " '[l]egislative observations . . . are in no sense part of the legislative history' " of a statute) (citations omitted). Further, legislative history which directly contradicts plaintiff's argument accompanied passage of the Customs Procedural Reform and Simplification Act of 1978. *See* H.R.Rep. No. 621, 95th Cong., 1st Sess. 26 (1977) ("This last provision [in § 1504(d) ] is discretionary, rather than mandatory, and recognizes that there will be instances when it may be impossible to complete liquidation within 90 days because of the sheer number of entries to be liquidated after a long-continued suspension.").

The Court also rejects plaintiff's attempt to distinguish the holdings of *Canadian Fur Trappers Corp.* and *Eagle Cement Corp. v. United States,* 17 CIT 624 (1993), *aff'd,* 26 F.3d 137 (Fed.Cir.1994). While plaintiff correctly observes the Court in *Eagle Cement* states " 'Congress intended that Customs act responsibly to liquidate entries promptly after a lengthy suspension has terminated,' " (Pl.'s Br. at 8 (quoting *Eagle Cement Corp.,* 17 CIT at 627)), plaintiff fails to note that *Canadian Fur Trappers Corp.* is cited favorably in *Eagle Cement. See Eagle Cement,* 17 CIT at 626 (noting Federal Circuit opinion in *Canadian Fur Trappers Corp.* "is dispositive"). The Court rejects plaintiff's argument, finding the Court's holding in *Eagle Cement* is fully consistent with the holding of *Canadian Fur Trappers Corp. Compare Eagle Cement,* 17 CIT at 627 ("[T]he 90 day period of § 1504(d) is directory rather than mandatory."), *with Canadian Fur Trappers*

*Corp.,* 7 Fed. Cir. (T) at 139, 884 F.2d at 566 ("[T]he lack of consequential language in the latter part of section (d) . . . leads us to conclude that Congress intended this part of section (d) to be only directory.").

■ Second, the Court rejects plaintiff's argument that 19 U.S.C. § 1054(d) (1988) operates as a four-year statute of limitations which caused the entries at issue to become liquidated by operation of law on the fourth anniversary of the lifting of the suspension of liquidation, which occurred when this Court's decision in *American Permac I* became final. The statutory provision, in its entirety, provides:

**(d) Limitation**

Any entry of merchandise not liquidated at the expiration of four years from the [date of entry] shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record, unless liquidation continues to be suspended as required by statute or court order. When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom.

19 U.S.C. § 1504(d) (1988). The Court finds the statute clearly delineates the circumstances in which merchandise is eligible to become liquidated by operation of law on the fourth anniversary of its entry into the United States. Only those entries whose liquidation is not suspended on the fourth anniversary of entry into the United States are eligible to be liquidated by operation of law. As for those entries which are suspended from liquidation as of the fourth anniversary of their entry into the United States, Customs is directed to liquidate them within ninety days of the suspension being terminated. The Court finds a plain reading of the statute in no way indicates the existence of a four-year statute of limitations which operates to liquidate entries by operation of law.

While the Court is not persuaded by plaintiff's contention that pre-NAFTA Implementation Act statute operated to liquidate the three entries at issue by operation of law, plaintiff's arguments and the case law interpreting the statute as originally enacted do

highlight the problems created by the lack of any consequences should Customs fail to liquidate entries whose liquidation was suspended past the fourth anniversary of their entry.[1] This issue was addressed in 1993 when Congress passed the NAFTA Implementation Act, which among other things, amended 19 U.S.C. § 1504(d). The statute, as amended, provides that entries not liquidated within six months of Customs receiving notice of the lifting of a suspension on liquidation become liquidated by operation of law. *See* 19 U.S.C. § 1504(d) (1994) ("Any entry not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.").

Plaintiff contends the statutory language, as amended, resulted in the entries at issue becoming liquidated by operation of law. In making this assertion, plaintiff raises two alternative arguments. The first contends the amendment made to § 1504(d) of the statute by the NAFTA Implementation Act applies retroactively, resulting in liquidation by operation of law on December 8, 1993, the date the NAFTA Implementation Act was signed into law. Plaintiff observes that "[o]n the effective date expressly prescribed by Congress, Customs already possessed the notice of the removal of suspension from liquidation of the entries in question" and six months had passed from the date Customs received notice of the lifting of the suspension of liquidation. (Pl.'s Br. at 11.) Alternatively, plaintiff argues "since all of the prerequisites for [the amended statute's] application were in place on the effective date of the revised statute, the six month period in which Customs was required to liquidate began running no later than December 8, 1993." (*Id.*) Defendant argues this Court should reject plaintiff's arguments because there is no evidence Congress intended the statute to apply retroactively.

■ As was recently pointed out by the United States Court of Appeals for the Federal Circuit in *Travenol Laboratories, Inc. v. United States,* 118 F.3d 749, 752 (Fed.Cir. 1997), a necessary first step in analyzing whether a statute applies retroactively is examining "whether application of legislation to certain facts constitutes a retroactive application of that law. Only if the answer to that question is 'yes' must we search for a clear expression of congressional intent to apply the law retroactively." In examining the applicability of 19 U.S.C. § 1504(d) (1994) to this matter, the Court determines the amended statute operated to liquidate the three entries at issue by operation of law on December 8, 1993, the date the NAFTA Implementation Act was enacted. The Court notes, however, it does not find this to be a retroactive application of the statute.

In analyzing the language in amended § 1504(d), the Court notes the statute establishes two conditions which must be satisfied before an entry becomes liquidated by operation of law. First, the Customs Service must "receiv[e] notice of the removal [of the suspension of liquidation] from the Department of Commerce, other agency, or a court with jurisdiction over the entry." 19 U.S.C. § 1504(d) (1994). Second, six months must pass from the date Customs is notified of the removal of the suspension without the relevant entries being liquidated. *See id.*

In the instant case, both of those conditions were satisfied prior to the enactment of the NAFTA Implementation Act on December 8, 1993. The parties do not dispute the Customs Information Exchange issued liquidation instructions on October 24, 1989, establishing Customs was on notice the suspension on liquidation had been lifted. Additionally, as of December 8, 1993, more than six months had passed from the time the Customs Information Exchange distributed the liquidation instructions indicating

---

**1.** The Court has previously addressed the hardships created by the § 1504(d) as originally enacted and observed reconsideration of this section of the statute by Congress could facilitate timely liquidation of entries. *See Dal–Tile Corp. v. United States,* 17 CIT 764, 772, 829 F.Supp.

394, 400 (1993) ("[I]t would seem appropriate for Congress to reconsider how it can promote certainty in the customs process while also providing Customs sufficient latitude for handling large numbers of entries.").

the lifting of the suspension of liquidation of the subject merchandise.

Although the Court is taking into account conduct which occurred prior to the enactment of the NAFTA Implementation Act, the Court does not view this to be a retroactive application of the statute. Rather, as the Federal Circuit noted in *Travenol*, "[t]he mere fact that the new legislation requires reference to antecedent events or data, however, does not make its application retroactive." *Travenol*, 118 F.3d at 754 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994); *McAndrews v. Fleet Bank of Mass., N.A.*, 989 F.2d 13, 16 (1st Cir.1993)). In this case, the entries at issue satisfied the statutory conditions for liquidation by operation of law on the date the statute became effective. As a result, the Court finds the entries were eligible to, and did indeed become, liquidated by operation of law on December 8, 1993.

■ A second issue raised by the parties' papers is the amount of antidumping duties due as a result of the entries having become liquidated by operation of law on December 8, 1993. The statute provides entries which are liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) (1994) "shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record." Plaintiff contends "[t]he amount of duties asserted at the time of entry by the importer of record is simply the duties proposed and paid upon entry," (Pl.'s Br. at 18), and therefore concludes "the entries were liquidated by operation of law without the assessment of antidumping duties." (Pl.'s Reply Br. at 3.) Defendants counter that if the entries became liquidated by operation of law, "then the liquidated duty is the amount of the bond posted for each entry." (Answer at ¶ 40.)

The Court has previously addressed the meaning of the statutory phrase "duty asserted at the time of entry" contained in 19 U.S.C. § 1504(d) (1988).[2] In *Rheem Metalurgica S/A v. United States*, 951 F.Supp. 241 (CIT 1996) ("*Rheem*"), the Court held an importer's noting on the relevant entry papers a countervailing duty investigation number and posting a bond to cover estimated countervailing duties constitutes an "assertion" of duties for the purposes of 19 U.S.C. § 1504(d), and therefore subjects the importer to liability for those duties when the entries become liquidated by operation of law.

In *Rheem*, the Court noted the Customs Service addressed the definition of the term "asserted" in § 1504(d) in a Notice of Final Rulemaking published in 1979. The Rulemaking stated " 'asserted' means that which is claimed and indicated by the importer, his consignee or agent on the entry summary or warehouse withdrawal.' " *Rheem*, 951 F.Supp. at 249 (citing *Customs Regulations, Relating to the Entry of Merchandise, Liquidation of Entries, Warehousing Periods, and Marking of Bulk Containers of Alcoholic Beverages, Amended*, 44 Fed.Reg. 46,794, 46,809 (Dep't Treasury 1979)). The Court concluded posting a bond to cover estimated countervailing duties is an action "sufficient to constitute an assertion of countervailing duties" for the purposes of 19 U.S.C. § 1504(d) (1988), and therefore "plaintiff is liable for payment of countervailing duties" when those entries become liquidated by operation of law pursuant to 19 U.S.C. § 1504(d). *Rheem*, 951 F.Supp. at 250 (citing *American Permac, Inc. v. United States*, 10 CIT 535, 544 n. 12, 642 F.Supp. 1187, 1195 n. 12 (1986) ("The amount of duties 'asserted at the time of entry by the importer', within the meaning of § 1504(a) and (d), is not what the importer *desires* to assert upon entry, but what the importer is *required by Customs officers* to assert when filing the entry

---

**2.** The relevant statutory language in the NAFTA Implementation Act is virtually identical to the language enacted by the Customs Procedural Reform and Simplification Act of 1978. Both provide that entries liquidated by operation of law are liquidated at "the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record." *Compare* North American Free Trade Implementation Act,

Pub.L. No. 103–182, § 641, 107 Stat. 2057, 2204–05 (1993) *with* Customs Procedural Reform and Simplification Act of 1978, Pub.L. No. 95–410, § 209, 92 Stat. 888, 902–03 (1978). The Court notes there is no discussion of the term "assert" in either the legislative history of either the NAFTA Implementation Act or the Customs Procedural Reform and Simplification Act of 1978.

summary."); *cf. Detroit Zoological Soc. v. United States,* 10 CIT 133, 137 n. 9, 630 F.Supp. 1350, 1355 n. 9 (1986) ("[T]he rate of duty corresponding to the classification asserted 'at the time of entry' is that which is on the entry summary accepted by Customs and contains *not* what the importer, his consignee, or agent necessarily desires but rather what Customs insists upon as a condition precedent to release of the merchandise.").

Because the Court finds the three entries in question became liquidated pursuant to 19 U.S.C. § 1504(d) (1994) at an amount which includes bonds posted as security for estimated antidumping duties, the Court finds it unnecessary to address defendant's counterclaims which are predicated on the validity of Customs' liquidation of the three entries in April 1994. The Court will direct Customs to reliquidate the three entries at issue at an amount corresponding to the sum of the amount of regular duties paid and the amount of estimated antidumping duties for which a bond was posted, with interest as provided for by law.

CONCLUSION

The Court finds the three entries at issue became liquidated by operation of law at the rate of regular duties and antidumping duties asserted on the relevant entry papers pursuant to 19 U.S.C. § 1504(d) on December 3, 1993. The Court reaches its determination based on the fact that the two statutory requirements for liquidation of operation of law (i.e., Customs receiving notice of the lifting of the suspension of liquidation, and passage of six months without the entries being liquidated) were satisfied on the date the NAFTA Implementation Act was enacted, and not based on a retroactive application of 19 U.S.C. § 1504(d) (1994). Accordingly, this Court directs the Customs Service to reliquidate the three entries at issue at an amount corresponding to the sum of the amount of regular duties paid and the amount of estimated antidumping duties for which a bond was posted, with interest as provided for by law. All other applications for relief are denied.

JUDGMENT ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED** that the United States Customs Service reliquidate the three entries at issue in this matter at an amount corresponding to the sum of the amount of regular duties paid and the amount of estimated antidumping duties for which a bond was posted, with applicable interest as provided for by law.