### AMERICAN PERMAC, INC., Plaintiff–Appellant,

v.

### UNITED STATES, Defendant– Cross Appellant.

### Nos. 98–1174, 98–1175.

United States Court of Appeals, Federal Circuit.

Sept. 17, 1999.

Rufus E. Jarman, Jr., Barnes, Richardson & Colburn, of New York, New York, argued for plaintiff-appellant. Of counsel on the brief was Alan Goggins.

James A. Curley, Attorney, Civil Division, Commercial Litigation Branch, International Trade Field Office, Department of Justice, of New York, New York, argued for defendant-cross appellant. With him on the brief were David M. Cohen, Director, Civil Division, Commercial Litigation Branch, Department of Justice, of Washington, DC; and Joseph I. Liebman, Attorney in Charge, International Trade Field Office. Of counsel on the brief was Edward N. Maurer, Attorney, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, of New York, New York.

Before MAYER, Chief Judge, RICH * and SCHALL, Circuit Judges.

---

\* Circuit Judge Rich heard oral argument in this case, but died on June 9, 1999. This case was decided by the remaining judges in accordance with Fed. Cir. Rule 47.11.

MAYER, Chief Judge.

American Permac, Inc. ("American Permac") and the United States appeal the judgment of the United States Court of International Trade, 94–10–00589 (November 12, 1997), ordering the United States Customs Service ("Customs") to reliquidate three of American Permac's entries. Because the entries were not liquidated by operation of law, we reverse and remand.

## Background

American Permac made three entries of dry cleaning machines from Germany in 1979, posting antidumping bonds as security. The merchandise was the subject of an antidumping administrative review by the Department of Commerce ("Commerce"); the entries were suspended from liquidation pending final resolution of the review. Commerce published the results of the review in January 1985. American Permac appealed to the Court of International Trade, which remanded the matter to Commerce, then finally affirmed the results in August 1989. Suspension of liquidation was then removed, and in October 1989, Commerce instructed Customs to liquidate and to assess antidumping duties in accordance with the court's determination. Customs liquidated the entries in April 1994.

American Permac brought this action in the Court of International Trade, asserting that the entries became liquidated by operation of law prior to the April 1994 Customs liquidation. The Court of International Trade applied 19 U.S.C. § 1504(d) (1994), enacted as part of the NAFTA Implementation Act on December 8, 1993, in holding that the entries were liquidated by operation of law on that date.

## Discussion

The dispositive issue here is the proper interpretation of the 1994 and 1988 versions of section 1504(d), a question of law that we review *de novo*. *See Medline Indus., Inc. v. United States,* 62 F.3d 1407, 1409 (Fed.Cir.1995). "As the United States Supreme Court has stated, retroac-

tivity in general is not favored in the law and, accordingly, legislation will be construed to operate only prospectively unless Congress has clearly expressed a contrary intention." *Travenol Labs., Inc. v. United States,* 118 F.3d 749, 752 (Fed.Cir.1997) (citing *Landgraf v. USI Film Prods.,* 511 U.S. 244, 264, 268, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). "Deciding if application of legislation would be retroactive is not a simple or mechanical task but is instead one that 'comes at the end of a process of judgment.'" *Id.* (quoting *Landgraf,* 511 U.S. at 268–70, 114 S.Ct. 1483). "The determination of whether a statute's application in a particular situation is prospective or retroactive depends upon whether the conduct that allegedly triggers the statute's application occurs before or after the law's effective date." *Id.* (quoting *McAndrews v. Fleet Bank of Mass., N.A.,* 989 F.2d 13, 16 (1st Cir. 1993)).

The Court of International Trade's judgment gives 19 U.S.C. § 1504(d) (1994) an impermissible retroactive effect because it attaches new legal consequences to events completed before the statute was enacted. This section provides that "[a]ny entry not liquidated by the Customs Service within 6 months after receiving such notice [of a lifting of suspension on liquidation] shall be treated as having been liquidated ... at the time of entry by the importer of record." The "triggering event" for the running of the 6–month time period under the statute, therefore, is the lifting of the suspension on liquidation, which here occurred in August 1989, so that under the statute, the entries would have been liquidated by operation of law in February 1990. Under these circumstances, we cannot agree with the Court of International Trade that application of the version of section 1504(d) which became effective December 8, 1993 would result in no retroactive effect. Moreover, there is no expression of congressional intent, either in the statutory language or legislative history of section 1504(d), that retroactive effect is contemplated, absent which we may not apply the statute retroactively.

*See Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 237, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("[S]tatutes do *not* apply retroactively *unless* Congress expressly states that they do." (emphasis in original)). Therefore, the Court of International Trade erred in holding American Permac's entries liquidated by operation of 19 U.S.C. § 1504(d) (1994).

American Permac argues that its entries nevertheless became liquidated by operation of 19 U.S.C. § 1504 (1988), the version in effect at the time the suspension of liquidation was removed. The statute provided that "[a]ny entry of merchandise not liquidated at the expiration of four years from the [date of entry] shall be deemed liquidated ... unless liquidation continues to be suspended as required by statute or court order. When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom." 19 U.S.C. § 1504 (1988). American Permac asserts that this language acts as a four-year statute of limitations, causing entries to become liquidated by operation of law on the fourth anniversary of the lifting of the suspension of liquidation.

██ We have held that the 90–day requirement in 19 U.S.C. § 1504 (1988) is directory, not mandatory, so that entries not liquidated within 90 days after removal of suspension are not deemed liquidated by operation of law because of "the lack of consequential language in the latter part of section [1504](d) if the Customs Service does not meet that time frame...." *Canadian Fur Trappers Corp. v. United States,* 884 F.2d 563, 566 (Fed.Cir.1989). Therefore, American Permac's argument for liquidation by operation of law must fail.

### Conclusion

Accordingly, the judgment of the United States Court of International Trade is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*