Slip Op. 00-114

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| AMERICAN PERMAC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 94-10-00589 |
| | : | BEFORE: CARMAN, CHIEF JUDGE |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

Plaintiff, American Permac, Inc., argues it is entitled to judgment as a matter of law because the entries at issue were liquidated by operation of law prior to the United States Customs Service's (Customs) 1994 liquidation of the entries.

Defendant, United States, argues it is entitled to judgment as a matter of law because the entries at issue were not liquidated by operation of law prior to Customs's 1994 liquidation. Also, defendant argues it is entitled to judgment as a matter of law on its counterclaims because Customs's 1994 liquidation of the entries at issue was valid but contained errors. Plaintiff argues the Court may not consider defendant's counterclaims due to its lack of subject matter jurisdiction or, alternatively, because the issues presented are *res judicata*.

*Held*: The Court finds there are no genuine issues of material fact, and summary judgment is appropriate. In accordance with the United States Court of Appeals for the Federal Circuit's decision in *American Permac, Inc. v. United States*, 191 F.3d 1380 (Fed. Cir. 1999), plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted. Also, as this Court finds it has subject matter jurisdiction to consider defendant's counterclaims pursuant to 28 U.S.C. § 1583 (1994), and this Court finds plaintiff's *res judicata* defense waived, defendant's cross-motion for summary judgment on its counterclaims is granted.

Date: September 1, 2000

*Barnes, Richardson & Colburn* (*Rufus E. Jarman, Jr.*), New York, New York; *Alan Goggins*, of Counsel, for plaintiff.

*David W. Ogden*, Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*James A. Curley*); *Edward N. Maurer*, Office of

the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

## OPINION

CARMAN, CHIEF JUDGE: This case is before this Court on remand from the United States Court of Appeals for the Federal Circuit (Federal Circuit). *See American Permac, Inc. v. United States*, 191 F.3d 1380 (Fed. Cir. 1999). Plaintiff, American Permac, Inc. (American Permac), argues it is entitled to judgment as a matter of law because the entries at issue were liquidated by operation of law prior to the United States Customs Service's (Customs) 1994 liquidation of the entries.

Defendant, United States, argues it is entitled to judgment as a matter of law because the entries at issue were not liquidated by operation of law prior to Customs's 1994 liquidation. Also, defendant argues it is entitled to judgment as a matter of law on its counterclaims because Customs's 1994 liquidation of the entries at issue, although valid, contained errors. Plaintiff argues the Court may not consider defendant's counterclaims due to its lack of subject matter jurisdiction or, alternatively, because the issues presented are *res judicata*. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(a).

## BACKGROUND

The facts in this case have been recounted in greater detail in *American Permac, Inc. v. United States*, 984 F. Supp. 621, 622 (CIT 1997), and *American Permac, Inc. v. United States*, 191 F.3d at 1381. The facts pertinent to this opinion are set forth below.

This case involves three entries of dry-cleaning machinery from Germany. After Customs liquidated the three entries in 1994, assessing antidumping duties, plaintiff timely filed protests against the 1994 liquidations alleging the entries had been liquidated by operation of law, *i.e.*, without antidumping duties, prior to Customs's 1994 liquidation. After Customs denied the protests, plaintiff timely filed a summons with this Court asserting the Customs's 1994 "liquidation and assessment of antidumping duties [on the three entries] were barred by the statute of limitations," (Summons at 2.), as the entries were liquidated by operation of law prior to that date.

In its answer to plaintiff's complaint, defendant denied plaintiff's claim and filed two counterclaims asserting that while Customs had validly liquidated the entries at issue, Customs had erred by under-assessing the antidumping duties owed on two of the three entries at issue.[1] Customs under-assessed antidumping duties on the two entries in the amount of $7,186.04.[2] In response to defendant's counterclaims, plaintiff raised no defenses in its pleadings.[3] (*See* [Plaintiff's] Reply.)

---

[1] The entries covered by defendant's counterclaims are Entry Nos. 515334-3 and 515210-8.

[2] Defendant, in its Statement of Material Facts Not in Dispute in Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment (Defendant's Facts), asserted the "difference between the correct amount of antidumping duty on Entry No. 515334-3, and the amount of antidumping duty assessed on this entry at liquidation, is $4,607.75," (*id.* at ¶ 7.), and the "difference . . . on Entry No. 515210-8 . . . is $2,578.29." (*Id.* at ¶ 11; *see also* Answer and Counterclaims at ¶¶ 42, 45, 47, 50.)

[3] The Court notes in response to Defendant's Facts where defendant asserted the material facts of its counterclaims, plaintiff stated, "These antidumping duties are not 'correct' because the entries were liquidated by operation of law without the assessment of antidumping duties. Without the descriptive term 'correct,' plaintiff admits the statements in paragraphs 1-11 [material facts of defendant's counterclaims] of [Defendant's Facts]." (Facts Not in Dispute in Plaintiff's Reply Brief In Support of Its Motion for Summary Judgment and In Opposition to Defendant's Cross-Motion for Summary Judgment at 3.)

In 1997, this Court held the entries at issue were liquidated by operation of law and thus declined to address defendant's counterclaims. *See American Permac*, 984 F. Supp. at 629. On appeal, however, the Federal Circuit reversed this Court and held the entries were not liquidated by operation of law and remanded the matter for further proceedings. *See American Permac*, 191 F.3d at 1382. Subsequent to the remand and upon request of the parties, this Court ordered the parties to submit "supplemental briefing concerning the government's counterclaims." (Scheduling Order (Stipulation) signed January 31, 2000.)

CONTENTIONS OF THE PARTIES

A.    *Plaintiff*

Plaintiff, American Permac, argues the Court may not properly consider or, alternatively, the Court should deny defendant's counterclaims because no protest was filed to contest the Customs's determinations involved in defendant's counterclaims, *i.e.,* Customs's assessment of antidumping duties. Therefore those determinations are final and conclusive on all parties under 19 U.S.C. § 1514 (1994).[4] Citing *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550 (Fed.

---

[4] In relevant part, 19 U.S.C. § 1514(a) (1994) states:

Protests against decisions of Customs Service

(a) Finality of decisions; return of papers

  Except as provided in subsection (b) of this section, . . . and section 1520 of this title (relating to refunds and errors), decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to –
        * * *
        (2) the classification and rate and amount of duties chargeable;
        * * *
        (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
    * * *
    shall be final and conclusive upon all persons (including the United States and any officer

Cir. 1997) and *Export Packers Co., Ltd. v. United States*, 795 F. Supp. 422 (CIT 1992), plaintiff

argues a protest "defines the scope of what is contested, and all other aspects of the liquidation

not contested become final and conclusive." (Plaintiff's Supplemental Brief on Remand

Regarding Defendant's Counterclaims at 3.)  Accordingly, when a defendant counterclaims on an

issue not raised in a plaintiff's protest, the Court may not consider the counterclaim because the

Court lacks subject matter jurisdiction or the issue posed by the counterclaim is *res judicata*, *i.e.*,

an issue already judged.[5]

In this matter, plaintiff claims the only issue raised in its protest was the validity of

Customs's 1994 liquidation of the entries at issue, *i.e.*, whether the entries at issue were

liquidated by operation of law prior to Customs's 1994 liquidations.  According to plaintiff,

defendant's counterclaims involve the amount of antidumping duties assessed in Customs's

liquidations, a separate and distinct issue not challenged by plaintiff.  Therefore, plaintiff argues

defendant may not now assert counterclaims on the amount of antidumping duties assessed as it

is final and conclusive under the statute.  To bolster its argument, plaintiff notes the statute treats

the assessment of duties and the validity of liquidation as separate issues by enumerating the

issues in separate subsections of the statute, 19 U.S.C. § 1514(a)(3) and 19 U.S.C. § 1514(a)(5),

respectively.

---

thereof) unless a protest is filed in accordance with this section, or unless a civil action
contesting the denial of a protest, in whole or in part, is commenced in the United States
Court of International Trade in accordance with chapter 169 of Title 28 within the time
prescribed by section 2636 of that title.

[5] To support its argument regarding *res judicata*, plaintiff cites *Smith v. United States*, 1
U.S. Cust. App. 489, 491 (1911) (once a Customs' decision becomes final and conclusive on
liquidation, the decision is "*res adjudicata*, unless appeal therefrom is taken in the time by statute
allowed").

Accordingly, plaintiff argues the Court may not properly consider defendant's counterclaims due to lack of subject matter jurisdiction or, alternatively, the Court should deny defendant's counterclaims as the issues involved are *res judicata*.

B.      *Defendant*

Defendant, United States, in its cross-motion for summary judgment claims that, pursuant to 28 U.S.C. § 1583 (1994), Customs under-assessed the amount of antidumping duties on two of the entries at issue. Defendant argues it is entitled to collect $7,186.04 plus prejudgment interest in under-assessed antidumping duties from plaintiff.

Defendant contends the Court may properly consider its counterclaims under 28 U.S.C. § 1583, which states, in relevant part, the Court of International Trade "shall have exclusive jurisdiction to render judgment upon any counterclaim . . . if [] such claim . . . involves the imported merchandise that is the subject of such civil action." Defendant maintains there is no dispute among the parties that its counterclaims involve those entries cited in plaintiff's claim, therefore, the Court has subject matter jurisdiction over defendant's counterclaims.

Defendant also argues plaintiff's other arguments against the Court's consideration of the defendant's counterclaims are meritless. First, defendant contends plaintiff's arguments may not be considered by the Court because plaintiff's arguments in opposition to defendant's counterclaims have nothing to do with the effect of the appellate court's decision. Therefore, plaintiff's arguments are beyond the scope of the supplemental brief allowed by the Court in this matter. Accordingly, it is inappropriate for the Court to consider these arguments.

Second, defendant contends, contrary to plaintiff's assertions, the issue of assessment of duties is not final and conclusive under 19 U.S.C. § 1514, because plaintiff challenged both the validity of Customs' liquidation and the assessment of antidumping duties in its protest to Customs and summons before the Court. (*See* Summons at 2.) Moreover, defendant asserts plaintiff's claim that the entries at issue were liquidated by operation of law under 19 U.S.C. § 1504(d), requires the Court to determine whether the actual liquidation is valid and, if so, the correct rate and amount of duty on the entry. Defendant argues proper liquidation and the proper assessment of duties are necessarily linked. Therefore, defendant argues its counterclaims regarding the assessment of duties may be properly considered by this Court.

Finally, defendant argues plaintiff's reliance on *Cherry Hill* is misplaced. *See Cherry Hill*, 112 F.3d at 1550. Defendant argues the situation at bar is factually distinct from that presented in *Cherry Hill*.

Accordingly, defendant argues the Court should consider its counterclaims and its cross-motion for summary judgment should be granted.

STANDARD OF REVIEW

This case is before the Court on plaintiff's motion and defendant's cross-motion for summary judgment. Summary judgment is appropriate if, based on the papers before the Court, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(c). The Court finds summary judgment is appropriate in this case because there are no genuine issues of material fact in dispute. *See United States v. Shabahang Persian Carpets, Ltd.*, 963 F. Supp. 1207, 1209 (CIT 1997).

DISCUSSION

This matter is before the Court on remand from the United States Court of Appeals for the Federal Circuit. *See American Permac*, 191 F.3d at 1381.

On appeal, the Federal Circuit reversed and remanded this Court's determination in *American Permac*, 984 F. Supp. at 621, holding "American Permac's argument for liquidation by operation of law must fail." *American Permac,* 191 F.3d at 1382. Therefore, all that remains for this court to decide on remand are the issues brought forth by defendant's cross-motion for summary judgment on its counterclaims.

A. *Jurisdiction*

Plaintiff argues this Court may not consider defendant's counterclaims because it lacks subject matter jurisdiction. This Court disagrees.

Section 1583 of Title 28 of the United States Code states, in a civil action the Court of International Trade "shall have exclusive jurisdiction to render judgment upon any counterclaim . . . if . . . such claim . . . involves the imported merchandise that is the subject matter of such civil action." 28 U.S.C. § 1583(1); *see Tikal Distrib. Corp. v. United States*, 93 F. Supp. 2d 1269, 1275 (CIT 2000). Accordingly, this Court would not have jurisdiction over defendant's counterclaims if they did not concern the same merchandise as plaintiff's claim. *See Export Packers Co., Ltd. v. United States*, 795 F. Supp. 422, 426 (CIT 1992); *Shabahang*, 963 F. Supp. at 1210.

In this case, there appears to be no dispute among the parties that defendant's counterclaims involve those entries at issue in plaintiff's claim. Therefore, pursuant to 28 U.S.C. § 1583, the Court finds it has subject matter jurisdiction over defendant's counterclaims.[6]

B.      *Res Judicata*[7]

Plaintiff also argues this Court may not consider the issues brought forth in defendant's counterclaims as they are *res judicata*. Plaintiff appears to maintain that because it did not protest Customs' assessment of antidumping duties, Customs's assessment determinations are final and conclusive under 19 U.S.C. § 1514(a). Therefore, plaintiff contends defendant's counterclaims involve issues for which final determinations have been rendered. This Court will not consider the merits of plaintiff's argument.

Pursuant to U.S. CIT R. 8(d), *res judicata* is a defense which must be affirmatively pled in response to a preceding pleading. Failure to plead *res judicata* as an affirmative defense results in its waiver. *See Aimcor and SKW Metals & Alloys, Inc. v. United States*, 69 F. Supp. 2d 1345, 1348 n.1 (CIT 1999).

---

[6] Plaintiff cites to *Export Packers Co., Ltd. v. United States*, 795 F. Supp. 422 (CIT 1992), for the proposition that since plaintiff failed to protest classification of the merchandise, the Court has no jurisdiction over counterclaims concerning classification. Plaintiff's citation is inapposite. In *Export Packers*, the Court dismissed defendant's counterclaim because it determined defendant's counterclaim and plaintiff's claim "involved separate and distinct merchandise." *Id.* at 425-426. Here, both parties agree plaintiff's claim and defendant's counterclaims involve the same merchandise.

[7] *Res judicata* is the "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties . . . and . . . constitutes an absolute bar to a subsequent action involving the same claim." BLACK'S LAW DICTIONARY 1305 (6th ed. 1990).

In this matter, the Court notes plaintiff did not affirmatively plead its affirmative defense of *res judicata* in response to defendant's counterclaims. (*See* [Plaintiff's] Reply.) In fact, it appears the *res judicata* defense was only first raised in plaintiff's supplemental brief on defendant's counterclaims. Its presentment at this juncture is simply not timely. Accordingly, this Court will not address the merits of plaintiff's *res judicata* defense.

C.      *Defendant's Counterclaims*

Pursuant to 28 U.S.C. § 1583, defendant seeks to collect from plaintiff $7,186.04 in under-assessed antidumping duties plus prejudgment interest on two entries of dry-cleaning machinery imported from Germany. Defendant claims it erroneously assessed the antidumping duties in the first instance.

The Court notes plaintiff put forth no affirmative defense to defendant's counterclaims in its reply pleading. It appears the only defense raised by plaintiff against defendant's counterclaims was its claim that the entries at issue were liquidated by operation of law. (*See* Facts Not in Dispute in Defendant's Reply Brief in Support of Its Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment at 3.) Also, in its reply brief plaintiff admits to the substantive facts raised in defendant's counterclaims.[8] (*See id.*)

As the Federal Circuit determined the entries at issue in plaintiff's claim were not liquidated by operation of law, *American Permac*, 191 F.3d at 1382, and plaintiff admits

---

[8] *See supra* note 3.

Customs under-assessed the antidumping duties on the entries at issue, this Court grants

defendant's cross-motion for summary judgment on its counterclaims.


D.      *Prejudgment Interest*

Defendant also seeks to recover prejudgment interest on the amount of under-assessed

duties.  This Court declines to make such an award.


It is within this Court's discretion to award prejudgment interest at a rate provided for in

28 U.S.C. § 2644 (1994), in cases where no statute specifically authorizes such an award.  *See*

*United States v. Reul*, 959 F.2d 1572, 1577 (Fed. Cir. 1992).  This Court declines to exercise its

discretion to award interest because it finds it was reasonable for plaintiff to have believed its

entries were liquidated by operation of law and as a result Customs was foreclosed from

assessing any antidumping duties.  *See Eastern Air Lines, Inc. v. Atlantic Richfield Co.*, 712 F.2d

1402, 1410 (Temp. Emer. Ct. App. 1983) (denying prejudgment interest where underlying

recovery is uncertain) *cited in United States v. Jac Natori Co., Ltd.*, 1998 WL 864772, at *4 (CIT

Dec. 11, 1998).

CONCLUSION

Pursuant to the Federal Circuit's decision in *American Permac, Inc. v. United States*, 191

F.3d 1380 (Fed. Cir. 1999), and for and in accordance with the reasons stated above, plaintiff's

motion for summary judgment is denied, and defendant's cross-motion for summary judgment is

granted.


_____
Gregory W. Carman
Chief Judge

Dated: September 1, 2000
         New York, New York