**Joseph T. PONDER and Judy Ponder,
Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–
Appellee.**

No. 97–5040.

United States Court of Appeals,
Federal Circuit.

June 26, 1997.

Rehearing Denied; Suggestion for
Rehearing In Banc Declined
Sept. 4, 1997.

Joseph T. Ponder and Judy L. Ponder, pro se, Crestwood, Kentucky.

Lydia K. Griggsby, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant–appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Anthony H. Anikeeff, Assistant Director. Of counsel was Maj. Kevin Greenfield, Trial Attorney, Military Personnel Branch, Air Force General Litigation Division, United States Air Force.

Before NEWMAN, PLAGER and SCHALL, Circuit Judges.

PLAGER, Circuit Judge.

In this case we confront yet another facet of the on-going process of adjustment in the military services as a result of the presence of both men and women serving on regular active duty. The issue here relates to a military member's entitlement to housing, and how that entitlement is affected when two members share government-provided housing. Appellants are Major Judy L. Ponder, United States Air Force (Retired), and Lt. Col. Joseph T. Ponder, United States Air Force (Retired) (collectively the "Ponders" or "appellants"). They appeal a decision of the United States Court of Federal Claims dismissing their complaint for failure to state a claim upon which relief can be granted. Because appellants received all that they were entitled to under the law, we affirm.

## BACKGROUND

In order to understand the present dispute, a brief discussion of military pay is required. Many military bases have on-base housing facilities. This housing is provided rent free to qualifying military members. Members who do not occupy government-provided housing are entitled to a pay allowance in lieu of housing called a "Basic Allowance for Quarters" or "BAQ" for short. *See* 37 U.S.C. § 403 (1994).

For each pay grade there are two different BAQs—one for service members without dependents and another for those with dependents. *See* 37 U.S.C.A. § 1009 note (Supp. 1997). The with-dependents housing allowance is paid at a single rate based on the member's pay grade regardless of the number of dependents. *Id.* For purposes of calculating the appropriate BAQ, a spouse who is a service member is not considered a dependent. *See* 37 U.S.C. § 401 (1994). Thus, a BAQ is determined by two factors—rank, because pay grade is a proxy for rank, and family. In order for the BAQ to more accurately reflect the cost of obtaining alternative housing, the BAQ can be scaled up depending on the cost of living in the area. *See* 37 U.S.C. § 403a (1994). This adjust-ment is referred to as a "variable housing allowance" or "VHA." *Id.*

Two married service members living together off-base are each entitled to BAQ at the without-dependent rate, unless one has a dependent. *See Senior Airman Calvin S. Watford, Jr.,* 1996 WL 345581, at *2 (Comp. Gen. June 24, 1996). In the event one has a dependent, one can receive a with-dependent BAQ and the other a without-dependent BAQ. *Id.* Two married members living together off-base cannot receive two with-dependent BAQs even if each has their own children from a prior marriage, *see Chief Warrant Officer Ronald C. Hull,* 62 Comp. Gen. 666, 667 (1983), although two married members living apart due to their military assignments can under some circumstances receive two with-dependent BAQs, *see, e.g., Majors Steven and Karen Nigg,* 1993 WL 104895, at *2 (Comp.Gen. March 30, 1993) (citing cases). This latter case is the exception, however, and not the rule. Most significant for the present case is the military's rule that when two married members occupy government-supplied housing neither can receive BAQ. *See Department of Defense Personnel Manual,* Table 3–2–4, Note 1 ("When family-type quarters are jointly occupied by the members neither member is entitled to BAQ"); *see also* 37 U.S.C. § 403(b)(1) (1994).

With this background in mind we turn to the facts of the present case. Appellants, husband and wife, are former officers of the United States Air Force. Both are now retired from service. Previously, from 1985 to 1988, while still serving in the Air Force, they were both stationed at Grand Forks Air Force Base in North Dakota. At the Ponders' election they lived together, with their daughter, in government-provided, on-base housing. In so doing they elected not to receive one with-dependent BAQ and another without-dependent BAQ, as was their right.

After several months, on March 24, 1986, Lt. Col. Joseph Ponder filed a claim with his military commander seeking payment of a without-dependent BAQ. The basis of his claim was that he should be entitled to a BAQ allowance without regard to the fact that his wife and child had on-base housing,

which he shared. Major Judy Ponder also filed a request, asking the Air Force to correct the Ponders' "Personnel Statements of Military Compensation," which indicated that both Ponders were receiving the value of BAQ or in-kind quarters. Her contention, like her husband's, was that his pay records improperly reflected the receipt of a housing allowance since she was the only one receiving the equivalent of BAQ. Both claims were denied by the Air Force.

The Ponders were separated from active duty in 1990. On April 1 of that year, they renewed their claim for BAQ and VHA by filing with the Comptroller General of the United States. That claim was denied. As stated by the Comptroller General:

> [A] member assigned to government quarters appropriate for his rank and adequate for his family is not entitled to BAQ. Moreover, ... government quarters occupied by a member and his dependents without payment of rent "shall be deemed to have been assigned to such member as appropriate and adequate quarters and no BAQ shall accrue to such member...."

*Lieutenant Colonel Joseph T. Ponder*, 1994 WL 101057, at *1 (Comp.Gen. March 4, 1994).

Undaunted, the Ponders proceeded to file a class-action law suit in the United States District Court for the Western District of Kentucky, where they were then living. The Ponders alleged two counts for violations of their due process rights under the Fifth Amendment. In addition to injunctive relief, they requested "[a]ward of past due compensation in the form of without dependent rate BAQ and VHA ... in the sum of $43,662" and correction of "personnel statements of military compensation." The government moved to dismiss or, in the alternative, to transfer to the United States Court of Federal Claims. The district court chose the latter, reasoning that the Ponders' claim was essentially one for military back pay, which can only be brought in the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491 (1994), citing *Mitchell v. United States*, 930 F.2d 893, 896 (Fed.Cir.1991).

The Ponders fared no better before the Court of Federal Claims. After oral argument, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted. *See* RCFC 12(b)(4). The Ponders responded with their own motion for summary judgment. The trial judge granted the government's motion and denied the Ponders'. They now appeal that dismissal to this court.

## DISCUSSION

■ The Ponders' complaint requests without-dependent BAQ and VHA for the time period in which Lt. Col. Ponder lived rent-free with his wife, then-Major Ponder, in government-supplied housing at Grand Forks Air Force Base. This is a claim for military back pay for which the Court of Federal Claims has jurisdiction under the Tucker Act. *See Mitchell*, 930 F.2d at 896; *see also Brant v. United States*, 220 Ct.Cl. 65, 597 F.2d 716, 717 (1979) (adjudicating a claim for BAQ). We have appellate jurisdiction over this case since it involves an appeal from a final decision of the Court of Federal Claims. *See* 28 U.S.C. § 1295(a)(3) (1994).

■ We review judgments of the United States Court of Federal Claims to determine whether they are premised upon clearly erroneous factual determinations or otherwise incorrect as a matter of law. *See Wheeler v. United States*, 11 F.3d 156, 158 (Fed.Cir. 1993); *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed.Cir.1992). Because failure to state a claim under Rule 12(b)(4) is a question of law, we review that decision without deference to the trial court's determination. *See Wheeler*, 11 F.3d at 158.

■ Dismissal under Rule 12(b)(4) is appropriate only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed.Cir.1997). On review, as in the trial court, we must accept the plaintiff's factual allegations in the complaint as true, drawing all inferences in favor of the plaintiff. *See 2 Moore's Federal Practice*, § 12.34 (3d ed.1997). Because granting such a motion summarily terminates the case on

its merits, courts broadly construe the complaint, particularly in light of the liberal pleading requirements under the Federal Rules of Civil Procedure. *Id.*

The gravamen of appellants' complaint is straightforward. They point to the provision in 37 U.S.C. § 403(a)(1), which entitles each of them to receive BAQ independent of the other:

Except as otherwise provided by law, a member of a uniformed service who is entitled to basic pay is entitled to a basic allowance for quarters in accordance with section 1009 of this title or as otherwise prescribed by law, according to the pay grade in which he is assigned or distributed for basic pay purposes.

37 U.S.C. § 403(a)(1) (1994). However, the statute further provides:

a member of a uniformed service who is assigned to quarters of the United States or a housing facility under the jurisdiction of a uniformed service, appropriate to his grade, rank, or rating and adequate for himself, and his dependents, if with dependents, is not entitled to a basic allowance for quarters.

37 U.S.C. § 403(b)(1) (1994).

Under the facts as alleged in his complaint, Lt. Col. Ponder lived in "quarters of the United States." Accordingly, under the clear mandate of the statute, it would appear that he is not entitled to a BAQ. The Ponders respond that this creates an anomaly. Had they lived off base, they each would have been entitled to a BAQ. By accepting on-base housing, they in effect have only the housing to which either one of them would have been entitled. Admittedly that is an anomaly, created perhaps by the fact that when the rules were written they were written with the image of housing for one service member with a spouse and dependents, rather than two service members married to each other. The anomaly, however, may be paying two service members living together off-base twice what one service member with a family, living off-base, would receive.

However that may be, the statute is clear. The acceptance of government-provided housing vitiates any claim for a separate BAQ. *See* 37 U.S.C. § 403(b)(1). Because appellants were not deprived of a cognizable property right, they cannot make out a claim under the due process clause of the Fifth Amendment. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.")

Lt. Col. Ponder argues that a system that exchanges two off-base allowances for one government-provided house cannot be what was intended. At the least, two married members should be entitled to twice the housing that one member would get, and since they did not have such quarters, the compensating mechanism should be a BAQ for one of them. The simple answer to that argument is that it was the Ponders' election to live on base. There is no showing that the quarters were not "appropriate to his grade, rank, or rating and adequate for himself, and his dependents." *See* 37 U.S.C. § 403. Appellants do not allege the quarters provided were inappropriate given Major Ponder's rank or inadequate for her and her family. Appellants' contention that they were forced to make a Hobson's choice between accepting lesser on-base housing or compromising their careers because they could not get to work as fast, is without merit. There is no requirement that even government-supplied housing be within a specific distance of a member's work site.

Appellants' equal protection claim is equally unavailing. The main thrust of appellants' argument is that section 403 impermissibly distinguishes between male and female service members, citing *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). The appellants' reliance on *Frontiero* is misplaced. That case dealt with disparate treatment between male and female service members for purposes of obtaining increased quarters allowances and medical and dental benefits. The Supreme Court held that such disparate treatment, requiring female service members to prove dependency but not male service members,

was a violation of the equal protection clause of the Fifth Amendment. *Id.* at 690, 93 S.Ct. at 1772. In contrast, section 403 is gender neutral on its face and in its application to this case. As a result, appellants have failed to state a claim under the equal protection clause of the Fifth Amendment.

### CONCLUSION

The judgment of the Court of Federal Claims is

*AFFIRMED.*

### COSTS

Costs to the government.