RHEEM METALURGICA S/A, formerly Empreendimentos Industrias E. Commerciais S.A., Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

Nos. 97–1256, 98–1057.

United States Court of Appeals, Federal Circuit.

Nov. 5, 1998.

Steven R. Sosnov, Sosnov & Associates, of Norristown, PA, argued for plaintiff–appellant. Of counsel on the brief was David P. Schulingkamp, of New Orleans, LA.

James A. Curley, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, International Trade Field Office, New York City, argued for defendant–appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director, of Washington, DC; and Joseph I. Liebman, Attorney in Charge, International Trade Field Office, of New York City. Of counsel on the brief was Edward N. Maurer, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, of New York City.

Before MAYER, Chief Judge, RICH and RADER, Circuit Judges.

RICH, Circuit Judge.

This appeal is from a judgment entered 20 December 1996 by the United States Court of International Trade in a countervailing duties case, No. 92–06–00380, involving nine entries of cold rolled carbon steel imported from Brazil. On cross motions for summary judgment, the Court of International Trade held that the entries became liquidated by operation of law upon the fourth anniversary of their date of entry into the United States. The court further held that the liquidations

occurred at the rate of duty asserted at the time of entry. For the reasons set forth below, we affirm.

## BACKGROUND

Plaintiff–Appellant Rheem Metalurgica S/A ("Rheem") imported nine entries of cold rolled carbon steel sheet from three Brazilian steel manufacturers into the United States in 1984. Several days before the first of the entries, the Department of Commerce ("Commerce") published a preliminary determination in the Federal Register that, based on its countervailing duty investigation C–351–021, Brazilian manufacturers, producers, or exporters of certain carbon steel products, including cold rolled carbon steel sheet, were receiving a net subsidy. *See Certain Carbon Steel Products from Brazil,* 49 Fed.Reg. 5,157 (Dep't Comm.1984) (prelim.determ.). The preliminary determination established a specific countervailing duty rate that applied equally to all Brazilian carbon steel producers and directed the Customs Service ("Customs") to, *inter alia,* require a cash deposit or bond on the subject merchandise equal to the estimated net subsidy.

After Rheem had imported five of the entries, Commerce published a final determination in the Federal Register in which it affirmatively found subsidization and established specific countervailing duty rates for identified carbon steel products and producers. *See Certain Carbon Steel Products from Brazil,* 49 Fed.Reg. 17,988 (Dep't Comm. 1984) (final.determ.). Rheem's last four entries were made after this publication.

Although Rheem marked "CVD" (for countervailing *duty*), "C–351–021" (the countervailing duty investigation number), or both on the entry summary documents, Customs accepted the documents only after Rheem posted bonds to cover any countervailing duty. The bond values were determined using the published countervailing duty rates: the bond values for the first five entries were calculated using the rate from the preliminary determination and the bond values for the last four entries were calculated using the rates from the final determination. *See Rheem Metalurgica S/A v. United States,*

No. 92–06–00380, slip op. at 4–5, 951 F.Supp. 241, 243–44 (Ct. Int'l Trade Dec. 20, 1996) ("Rheem I").

In 1987 Commerce published the results of its first administrative review of the countervailing duty investigation. This review established lower countervailing duty rates than were set in the preliminary and final determinations. *See Certain Carbon Steel Products from Brazil,* 52 Fed.Reg. 829 (Dept.Comm.1987) (first admin. review). In 1989, more than four years after the dates of entry, Customs moved to liquidate the nine Rheem entries, assessing countervailing duties according to the rates established in the first administrative review.[1] *See Rheem I,* at 7, 951 F.Supp. at 244.

Rheem challenged Commerce's assessment of countervailing duties at the Court of International Trade. Applying 19 U.S.C. § 1504(d) (1988), the Court of International Trade decided that all nine entries were liquidated by operation of law on the fourth anniversary of their entry into the United States (*i.e.,* Customs' 1989 liquidation attempt was ineffective because it occurred more than four years after the entry dates). *See id.* at 12–17, 951 F.Supp. at 246–49. The Court of International Trade further held that the liquidation values are the values of the bonds which Rheem posted at the time of entry, not the lower values set by Commerce's first administrative review. *See id.* at 17–22, 951 F.Supp. at 249–51. Rheem appeals.

## ANALYSIS

■ We review *de novo* a grant of summary judgment by the Court of International Trade. *See Canadian Fur Trappers Corp. v. United States,* 884 F.2d 563, 565 (Fed.Cir. 1989). In so doing, we decide questions of law, such as statutory interpretation, *de novo. See Guess? Inc. v. United States,* 944 F.2d 855, 857 (Fed.Cir.1991).

In this appeal Rheem argues that countervailing duties cannot be assessed in a liquidation which occurs by operation of law under 19 U.S.C. § 1504(d). Rheem also argues

---

1. "Liquidation is the 'final computation or ascertainment of the duties or drawback accruing on an entry.' 19 C.F.R. § 159.1 (1995)." *Juice*

*Farms, Inc. v. United States,* 68 F.3d 1344, 1345–46 (Fed.Cir.1995).

in the alternative that even if countervailing duties are properly assessed under § 1504(d), in this case the value of the assessments should be determined using the countervailing duty rates published by Commerce in its first administrative review, rather than the value of the bonds themselves. We reject both arguments.

Rheem's first argument is controlled by our recent decision in *Wolff Shoe Co. v. United States,* 141 F.3d 1116 (Fed.Cir.1998), a case with facts similar to those here that involved the interpretation and application of § 1504(d). In *Wolff,* where the importer included countervailing duties on its entry papers and deposited such duties on entry, the importer argued that "the court erred in its interpretation because countervailing duties are assessed and collected by Customs, rather than 'asserted ... by the importer.'" *Wolff,* 141 F.3d at 1123 (quoting 19 U.S.C. § 1504(d)). We rejected that argument, holding that duties asserted by the importer include "all of the duties claimed on the entry papers, including countervailing duties." *Id.* Thus, under *Wolff,* Rheem's primary argument that it *per se* cannot "assert" any countervailing duties on its entry papers fails.

Rheem also appears to argue that it made no assertion as to countervailing duties because Rheem's entry papers do not expressly refer to countervailing duties. We are not persuaded. First, Rheem expressly acknowledged the applicability of countervailing duties to its entries by marking the acronym for "countervailing duty," the countervailing duty investigation number, or both, on its entry papers. In addition, the bonds posted by Rheem expressly state that they cover countervailing duties and were posted in amounts determined by following the then-applicable published countervailing duty rates. This is clearly sufficient to constitute an assertion of a countervailing duty.

Rheem also attempts to distinguish this case from *Wolff* by pointing out that in that case the importer deposited the countervailing duties upon entry, whereas here Rheem posted bonds containing the statement that Rheem would pay any duties "found to be due." Rheem appears to argue that Customs' failure to expressly find the amount of duty due before liquidation occurred by law

under § 1504(d) is a *de facto* finding that no duty is owed by Rheem.

As we stated in *Wolff,* "[i]t could not have been within the contemplation of Congress to set aside the countervailing duty laws and regular duty laws when Customs fails to liquidate in a timely manner, because § 1504(d) expressly requires some amount of duty to be assessed." *Id.* at 1123–24. Therefore, we decline to adopt Rheem's argument that no countervailing duties were "found to be due."

Finally, Rheem argues that even if we conclude that the liquidations occurred by operation of law with countervailing duties due, we should still reverse the decision of the Court of International Trade for applying the wrong duty rate. Rheem argues that the only rates that should be applied are those set in the 1987 first administrative review of the countervailing duty investigation because those are the only rates that were ever "found to be due." We disagree. The applicable statutory language focuses on the "duty asserted *at the time of entry* by the importer." 19 U.S.C. § 1504(d) (emphasis added). Therefore, we conclude, as did the Court of International Trade, that under § 1504(d) the duty rates to apply in this case are those used to calculate the value of the bonds that were posted by Rheem when the entries were made.

### CONCLUSION

In light of the foregoing, the decision of the Court of International Trade is affirmed.

*AFFIRMED.*