**AMOCO OIL COMPANY,**
Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–1122.

United States Court of Appeals,
Federal Circuit.

Dec. 14, 2000.

son, Deputy Director, Commercial Litigation Branch, Washington, DC.

Robert B. Silverman, Grunfeld, Desiderio, Lebowitz & Silverman, LLP, New York City, for amicus curiae. Of counsel was Michael T. Cone.

Before: MAYER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Amoco Oil Company appeals from the decision of the United States Court of International Trade granting the government's motion to dismiss for failure to state a claim upon which relief can be granted. *Amoco Oil Co. v. United States,* 63 F.Supp.2d 1332 (Ct. Int'l Trade 1999). Because the Court of International Trade did not err in concluding that the unconstitutional export provision of the Harbor Maintenance Tax ("the HMT"), codified at 26 U.S.C. § 4461 (1994), is severable from the remainder of the HMT, we affirm.

## BACKGROUND

The HMT, contained in Title XIV of the Water Resources Development Act of 1986, Pub.L. No. 99–662, 100 Stat. 4082 (1986) ("WRDA"), is an *ad valorem* tax on commercial cargo involved in "any port use," including imports. 26 U.S.C. § 4461(a). The HMT was intended to help finance the general maintenance and improvement of U.S. ports. S.Rep. No. 99–126, at 9–10 (1985), *reprinted in* 1986 U.S.C.C.A.N. 6639, 6640–47. The relevant portions of the HMT provide as follows:

§ 4461. Imposition of tax

(a) General rule.—There is hereby imposed a tax on any port use.

(b) Amount of tax.—The amount of the tax imposed by subsection (a) on any port use shall be an amount equal to 0.125 percent of the value of the commercial cargo involved.

(c) Liability and time of imposition of tax.—

Lawrence M. Friedman, Barnes, Richardson & Colburn, Chicago, Illinois, for plaintiff-appellant. With him on the brief were Robert E. Burke, and Robert F. Seely.

Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant-appellee. With him on the brief were David W. Ogden, Assistant Attorney General, and David M. Cohen, Director. Of counsel on the brief was Richard McManus, Attorney, Office of the Chief Counsel, U.S. Customs Service, Washington, DC. Of counsel were Lara Levinson, Attorney, and Jeanne E. David-

(1) Liability.—The tax imposed by subsection (a) shall be paid by—

(A) in the case of cargo entering the United States, the importer,

(B) in the case of cargo to be exported from the United States, the exporter . . .

26 U.S.C. § 4461.

As an importer, Amoco was subject to the HMT under 26 U.S.C. § 4461(c)(1)(A). After allegedly making payments in excess of $1,000,000, Amoco filed a complaint in the Court of International Trade, challenging the constitutionality of the import provision of the HMT, 26 U.S.C. § 4461(c)(1)(A), in light of the Supreme Court's decision in *United States v. U.S. Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998). *Amoco,* 63 F.Supp.2d at 1335. In *U.S. Shoe,* the Supreme Court held that the export provision of the HMT, 26 U.S.C. § 4461(c)(1)(B), violated the Export Clause of the Constitution. U.S. Const. art. I, § 10, cl. 2.

The government filed a motion to dismiss for failure to state a claim upon which relief can be granted, which the Court of International Trade granted. The court concluded that: (1) the export provision of the HMT is severable from the remainder of the HMT; (2) the HMT does not violate the Uniformity Clause, U.S. Const. art. I, § 8, cl. 1; and (3) the HMT does not violate the Port Preference Clause, U.S. Const. art. I, § 9, cl. 6. *Amoco,* 63 F.Supp.2d at 1339–41. With respect to the severability issue, the court based its conclusion on the existence of a general severability provision within the WRDA, codified at 33 U.S.C. § 2304, and on its duty to interpret statutes "so as to maintain, rather than destroy, their constitutionality" when possible. *Amoco,* 63 F.Supp.2d at 1335–39. As for the remaining constitutional issues, the court concluded that the HMT did not violate either the Uniformity Clause or the Port Preference Clause because the "geographically-specific" provisions did not result in a discriminatory preference and Amoco had failed to demonstrate that Congress explicitly discriminated against any particular state. *Id.* at 1340–41.

Amoco timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5) (1994).

## DISCUSSION

■■■ The decision of the Court of International Trade to grant a motion to dismiss for failure to state a claim upon which relief can be granted is a question of law, which we review *de novo.* *See Ponder v. United States,* 117 F.3d 549, 552 (Fed. Cir.1997). On a motion to dismiss for failure to state a claim, any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff. *Id.* Dismissal for failure to state a claim is proper only when it is beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Amoco argues that the issue of severability is a question of fact, and that it was therefore improper for the court to dismiss Amoco's complaint without giving Amoco a reasonable opportunity to conduct discovery and present additional evidence. Amoco further contends that the severability clause in Title IX of the WRDA does not apply to the HMT, and that Congress did not intend the export provision of the HMT to be severable from the import provision because a tax on imports alone would violate the General Agreement on Tariffs and Trade ("GATT").

The government responds that the Court of International Trade did not err in denying Amoco's request for discovery because the issue of severability is a question of law, not fact. The government further asserts that this court has previously held that the severability clause in Title IX of the WRDA applies to the HMT, and that the export provision of the HMT is severable from the remainder of the HMT. Final-

ly, the government argues that the HMT does not violate the Uniformity Clause or the Port Preference Clause, and that Amoco has waived any arguments to the contrary by failing to raise them in its opening brief.

■ With respect to Amoco's procedural argument, we agree with the government that the issue of severability is a question of law. As we have previously indicated, the issue of severability is a matter of statutory interpretation. *See Princess Cruises, Inc. v. United States,* 201 F.3d 1352 (Fed.Cir.2000) (citing *Alaska Airlines v. Donovan,* 766 F.2d 1550, 1555 (D.C.Cir.1985), for the proposition that the question of severability "reduces to a matter of statutory interpretation"). Moreover, we have repeatedly stated that issues of statutory interpretation are questions of law. *See, e.g., IBM Corp. v. United States,* 201 F.3d 1367, 1370 (Fed.Cir. 2000); *Rheem Metalurgica S/A v. United States,* 160 F.3d 1357, 1358 (Fed.Cir.1998). Accordingly, Amoco's argument that severability is a question of fact, and that it was therefore improper for the court to dismiss Amoco's complaint without giving Amoco a reasonable opportunity to conduct discovery, is without merit.

■ With respect to Amoco's remaining arguments, the government correctly points out that this court has previously addressed the severability issue raised in this appeal. In two recent opinions, we have specifically held that the unconstitutional export provision in the HMT is severable from the remainder of the statute. *Princess Cruises,* 201 F.3d at 1358; *Carnival Cruise Lines, Inc. v. United States,* 200 F.3d 1361 (Fed.Cir.2000). In *Carnival,* we expressly rejected the argument that the severability clause in the WRDA, 33 U.S.C. § 2304, does not apply to the HMT. *Carnival,* 200 F.3d at 1368. Furthermore, we also rejected the argument that Congress did not intend to make the export provision of the HMT severable from the import provision because a tax on imports alone would violate the GATT. *Id.*

at 1369. Accordingly, Amoco's argument that Congress did not intend the export provision of the HMT to be severable from the import provision is beyond the power of this panel to accept, and Amoco makes no request that this court hear the issue *en banc.*

■ In its reply brief, Amoco raises the argument that the HMT is invalid because it violates the Uniformity Clause and the Port Preference Clause of the Constitution. Because these constitutional arguments were not raised in Amoco's opening brief, we decline to address them. Although the Court of International Trade had decided three issues (relating to severability, the Uniformity Clause, and the Port Preference Clause), Amoco's counsel chose to argue only the severability issue in its opening brief to this court. As a result, under well-established appellate practice, the other two issues were effectively waived. *Carbino v. West,* 168 F.3d 32, 34–35 (Fed.Cir.1999) (explaining that under the Federal Rules of Appellate Procedure, a reply brief should "reply to the brief of the appellee" and "is not the appropriate place to raise, for the first time, an issue for appellate review"). Nevertheless, out of an excess of caution, the government briefed all three issues. In its reply brief, then, counsel for Amoco presented argument concerning the two issues that were not raised, asserting that, because the government had raised them, the issues were not waived. However, a party must raise in its opening brief all issues it wishes to challenge, and should not rely on an opponent to raise them.

The fact that *amicus,* Fentax International Corporation, raised the Uniformity Clause and Port Preference Clause issues is also of no benefit to Amoco in this respect. An *amicus curiae,* by definition, is a friend of the court, not of the appellant. An *amicus* may support the appellant, preferably by providing a broader perspective than the appellant, who may be solely interested in winning its case.

But an appellant and an *amicus* may not split up the issues and expect the court to consider that they have all been raised on appeal. It is the appellant's case, not a joint appeal by the appellant and *amicus*. Appellant must raise in its opening brief all the issues it wishes the court to address.

■ This appeal is deficient in another respect. In its opening brief, appellant's counsel failed to cite, much less distinguish, clearly governing case law (*viz., Carnival* and *Princess*), with which counsel was intimately acquainted. Counsel for Amoco had in fact submitted an *amicus* brief in both the *Carnival* and *Princess* cases. In addition, the opinion in *Carnival* was issued forty days before the appellant's opening brief in this case was filed. By failing to cite controlling adverse authority, the conduct of appellant's counsel was inappropriate and potentially a violation of counsel's duty of candor toward the court. *See* Model Rules of Prof'l Conduct R. 3.3(a)(3) ("A lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."). The appeal should wisely have been abandoned after this court's *Carnival* decision was handed down. At the very least, recognizing that an *en banc* rehearing or Supreme Court review was theoretically possible, although not likely, appellant's counsel could have either submitted a motion to stay the appeal, or included in its opening brief a frank citation of the *Carnival* decision along with plausible grounds for distinguishing the case. But ignoring such precedent and raising new issues in a reply brief are not acceptable.

## CONCLUSION

Accordingly, the Court of International Trade did not err in granting the government's motion to dismiss for failure to state a claim upon which relief can be granted, and we therefore

*AFFIRM.*