**Julius Warner MARACALIN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5160.

United States Court of Appeals, Federal Circuit.

DECIDED: April 9, 2003.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Appellant Julius Warner Maracalin appeals from a decision of the United States Court of Federal Claims, No. 01–375C, dismissing his complaint on res judicata grounds and for lack of subject matter jurisdiction. We *affirm.*

## BACKGROUND

On January 18, 1995, a grand jury sitting in the Middle District of Louisiana indicted Mr. Maracalin and charged him with five counts of violating certain federal drug laws. The following day, a federal magistrate judge issued a warrant authorizing a search of Mr. Maracalin's property. During the night of January 20, 1995, federal and local law enforcement officials arrested Mr. Maracalin and conducted a search of his residence. Mr. Maracalin subsequently moved to suppress the fruits of the search and of his arrest, but the district court denied that motion on May 8, 1995.

On May 12, 1995, Mr. Maracalin entered into a plea agreement in which he pleaded guilty to four of the counts with which he was charged and agreed to forfeit certain assets and property that had been seized in connection with his arrest. *See* 21 U.S.C. §§ 853(a)(1)-(2). Mr. Maracalin was subsequently sentenced to a term in prison of 235 months and a $100,000 fine. In connection with Mr. Maracalin's conviction, the district court ordered forfeiture of the seized property.

On November 27, 2000, Mr. Maracalin filed a complaint in the Court of Federal Claims, No. 00–715C, alleging various constitutional and statutory violations based on the 1995 search of his residence and the resulting criminal forfeiture. Specifically, he sought readjudication of his original criminal indictment and reversal of his conviction on the ground that the district court had failed to comply with Federal Rule of Criminal Procedure 11(c)(1) when accepting his guilty plea. Mr. Maracalin also requested $2,500,000 in damages due to alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights, including: (1) an illegal search and seizure based on an allegedly faulty warrant; (2) a taking without just compensation; and (3) the alteration of official records pertinent to the case, in violation of 18 U.S.C. § 1506. In addition, Mr. Maracalin asserted various tort theories of recovery, including false imprisonment. After reviewing the complaint, the Court of Federal Claims dismissed the action for lack of subject matter jurisdiction. Mr. Maracalin appealed the dismissal to this court, but we dismissed the appeal on February 15, 2001, for failure to prosecute.

On June 22, 2001, Mr. Maracalin filed the complaint at issue in this case in the Court of Federal Claims. He again requested review of his conviction and alleged that the district court had exercised jurisdiction over his plea agreement, in violation of the Tucker Act, 28 U.S.C. § 1491. In addition, Mr. Maracalin alleged that the search and seizure violated his Fourth and Fifth Amendment rights and that the forfeiture of his property constituted a taking without just compen-

sation under the Fifth Amendment. Mr. Maracalin further alleged that government officials had violated 18 U.S.C. § 1506, and he asserted that they perpetrated various intentional torts upon him. He sought the return of his forfeited property, $100,000,000 in damages, and compensation to his children and his mother of $1,000 per day for each day of his imprisonment.

The United States filed a motion to dismiss, contending that the Court of Federal Claims was without subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted. On June 17, 2002, the Court of Federal Claims granted that motion, holding that it did not have subject matter jurisdiction over the claims relating to Mr. Maracalin's criminal prosecution or his tort claims. The Court of Federal Claims also determined, *sua sponte*, that Mr. Maracalin's claims were barred under the doctrine of res judicata.

## DECISION

Res judicata, or claim preclusion, requires the following: (1) an identity of parties or their privies; (2) an earlier final judgment on the merits of a claim; (3) a second claim that is based on the same set of transactional facts as were raised or could have been raised in the prior action. *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1328 (Fed.Cir.2000). Although neither Mr. Maracalin nor the United States raised the issue of claim preclusion below, the Court of Federal Claims properly considered the issue *sua sponte* to avoid a possible waste of judicial resources, especially given the strong similarity between the claims presented in each of Mr. Maracalin's complaints. *See Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1380–81 (Fed.Cir.2002) (permitting the dismissal of an action sua sponte for claim

preclusion under "special circumstances"); *see also Arizona v. California*, 530 U.S. 392, 413, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000).

We agree with the Court of Federal Claims' determination that Mr. Maracalin's claims are barred by claim preclusion. There is no question that there is identity of parties in both cases, namely Mr. Maracalin and the United States. In addition, the dismissal by the Court of Federal Claims for lack of jurisdiction was a final judgment. *See, e.g., Ponder v. United States*, 117 F.3d 549, 553–54 (Fed.Cir. 1997). Further, both cases brought by Mr. Maracalin are based on the facts related to the search and seizure of his property and the subsequent criminal proceedings that resulted in his imprisonment and the forfeiture of his property. Both cases also involve virtually identical claims for federal constitutional and statutory violations and allegations of torts committed upon Mr. Maracalin. Thus, requisite special circumstances for a *sua sponte* finding of res judicata are present. We therefore uphold the Court of Federal Claims' decision that Mr. Maracalin's claims are precluded as a matter of res judicata.

Mr. Maracalin contends that the Court of Federal Claims should have cured any jurisdictional defect in his complaint by transferring any claims over which it did not have subject matter jurisdiction to the appropriate court pursuant to 28 U.S.C. § 1631. However, Mr. Maracalin could have sought relief in the form of a Section 1631 transfer for his nearly identical claims in the previous action or appeal, but he did not. His request for a transfer pursuant to 28 U.S.C. § 1631 is thus precluded.