Slip Op. 05-112

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: CARMAN, JUDGE

|  |  |  |
|---|---|---|
| ROBERT ROOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 05-00303 |
| | : | |
| UNITED STATES SECRETARY OF AGRICULTURE, | : | |
| | : | |
| Defendant. | : | |

[Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is denied.]

Dated: August 29, 2005

*Robert Rood, Pro se.*

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *David S. Silverbrand*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Jeffrey Kahn*, Of Counsel, Office of the General Counsel, U.S. Department of Agriculture, for Defendant.

## OPINION & ORDER

**CARMAN, Judge**. Plaintiff Robert Rood challenges Defendant United States Secretary

of Agriculture's ("USDA" or "Defendant") denial of certification for trade adjustment assistance

("TAA") benefits pursuant to 19 U.S.C.A. § 2401e (West Supp. 2005). Defendant moves to

dismiss this case for failure to state a claim upon which relief may be granted under USCIT Rule

12(b)(5).  For the following reasons, Defendant's motion to dismiss is denied.  This Court has jurisdiction over this matter under 19 U.S.C.A. § 2395(c) (West Supp. 2005).[1]

## STANDARD OF REVIEW

Upon review of a motion to dismiss for failure to state a claim, "any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff." *Amoco Oil Co. v. United States*, 234 F. 3d 1374, 1376 (Fed. Cir. 2000).  It is well-established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A complaint need not set forth detailed facts but rather only "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id.* at 47; *see also* USCIT R. 8(a)(2) ("A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short

---

[1] 19 U.S.C. § 2395 was amended, effective 180 days after August 6, 2002, to provide the Court of International Trade with jurisdiction over trade adjustment assistance matters brought by agricultural commodity producers.  Trade Act of 2002, Pub. L. No. 107-210, § 142, 116 Stat. 933, 953.  In pertinent part, 19 U.S.C.A. § 2395, states:

> [A]n agricultural commodity producer (as defined in section 2401(2) of this title) aggrieved by a determination of the Secretary of Agriculture under section 2401b of this title . . . may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review of such determination.
> . . .
> The Court of International Trade shall have jurisdiction to affirm the action of . . . the Secretary of Agriculture, as the case may be, or to set such action aside, in whole or in part.

19 U.S.C.A. § 2395.

and plain statement of the claim showing that the pleader is entitled to relief. . . .").   In

reviewing the sufficiency of a claim, "consideration is limited to the facts stated on the face of

the complaint, documents appended to the complaint, and documents incorporated in the

complaint by reference." *Fabrene, Inc. v. United States*, 17 CIT 911, 913 (1993).

## DISCUSSION

Plaintiff filed a complaint challenging the USDA's denial of certification for TAA cash

benefits.  The USDA determined that Plaintiff did not qualify for TAA cash benefits because

Plaintiff's "2002 net fishing income did not decline from the latest year in which no adjustment

assistance payment was received (2001)" as required by 19 U.S.C.A. § 2401e(a)(1)(C) (West

Supp. 2005).[2]  (Agency Record ("A.R.") at 16; Attach. to Compl.)  Defendant explained:

> In 2001, the tax return Mr. Rood submitted to the IRS reported a
> net loss from commercial fishing of $2,723 on Line 31 of Schedule
> C. [A.R.] at 9.  In 2002, the tax return Mr. Rood submitted to the
> IRS reported a net profit from commercial fishing of $2,096 on
> Line 31 of Schedule C. [A.R.] at 8.

Def.'s Mot. to Dismiss for Failure to State a Claim upon Which Relief May Be Granted ("Def's

Mot.") at 4.  This Court notes, however, that the 2002 Schedule C that Defendant references

appears to represent Plaintiff's wife's aerobic business profit, not Plaintiff's fishing business loss.

---

[2] Payment of adjustment assistance shall be made to an adversely affected agricultural
commodity producer covered by certification if certain statutory conditions are met.  The
requirement at issue is:

> The producer's net farm income (as determined by the Secretary)
> for the most recent year is less than the producer's net farm income
> for the latest year in which no adjustment assistance was received
> by the producer under this part.

19 U.S.C.A. § 2401e(a)(1)(C).

(A.R. at 8.)  As attachments to his Complaint, Plaintiff included his 2002 Schedule C for his fishing business.  Line 31 of Plaintiff's 2002 Schedule C reflects a net loss from commercial fishing of $16,763.  (Attach. to Compl.)  This document is notably not a part of the agency record which was compiled and submitted by the USDA.

Although recognizing that Plaintiff – *pro se* litigant – did not respond to Defendant's motion to dismiss, this Court makes its motion to dismiss determination on the sufficiency of Plaintiff's Complaint.  This Court acknowledges the axiom that the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48.  Therefore, upon review of the Complaint and attached documents, this Court finds it does not appear beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Assuming the Complaint's factual allegations to be true and drawing all inferences in Plaintiff's favor, this Court finds that Plaintiff has sufficiently alleged a cause of action and denies Defendant's motion to dismiss.  For the aforementioned reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is denied; and it is further

**ORDERED** that Defendant file an answer no later than September 30, 2005.

  /s/ Gregory W. Carman
Gregory W. Carman
Judge

Dated: August 29, 2005
New York, New York