SLIP OP. 05-135

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
FORMER EMPLOYEES OF BENEE'S, INC.   :
                                    :
            Plaintiffs,             :
                                    : Before: Richard K. Eaton,
                                    : Judge
                                    :
                                    : Court No. 05-00378
        v.                          :
                                    :
                                    :
UNITED STATES SECRETARY OF LABOR,   :
                                    :
            Defendant.              :
_____ :

[Defendant's motion to dismiss denied]

                         Dated: October 14, 2005

        *Dennis Parent*, *pro se*, for plaintiffs.

        *Peter D. Keisler,* Assistant Attorney General, Civil
Division, United States Department of Justice; *David M. Cohen*,
Director, Commercial Litigation Branch, Civil Division, United
States Department of Justice (*Jefferson Hughes*) for defendant.


                    MEMORANDUM AND ORDER

        Eaton, Judge:  This Trade Adjustment Assistance ("TAA") case

is before the court on the Motion to Dismiss of defendant United

States Secretary of Labor.  The basis for defendant's motion is

its contention that the court lacks subject matter jurisdiction

because plaintiffs failed to seek judicial review of the negative

determination regarding TAA benefits within the sixty-day period

prescribed by statute.  *See* Notice of Determination Regarding

Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 69 Fed. Reg. 57092 (Sept. 23, 2004), Admin. R. Doc. 24.  The court has jurisdiction pursuant to 19 U.S.C. § 2395(c).  For the reasons set forth below, defendant's Motion to Dismiss is denied.

## STANDARD OF REVIEW

Where the court's jurisdiction is challenged, "[t]he party seeking to invoke the Court's jurisdiction bears the burden of proving the requisite jurisdictional facts."  *Former Employees of Sonoco Prods. Co. v. United States Sec'y of Labor*, 27 CIT ___, ___, 273 F. Supp. 2d 1336, 1338 (2003) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936)).  At the same time, in the context of a motion to dismiss, "the Court assumes 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" *United States v. Islip*, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## DISCUSSION

The facts, as set out in defendant's papers, are as follows:

On September 13, 2004, the Department of Labor ("Labor") issued a negative determination for former employees of Benee's Inc. regarding eligibility to apply for Trade Adjustment Assistant ("TAA").  This

> denial was published in the Federal Register on
> September 23, 2004.
>
> On March 24, 2005, Labor received from Mr. Dennis
> Parent, a former employee of Benee's, a facsimile copy
> of a letter signed by Mr. Parent dated October 13,
> 2004. The letter requested that Labor reconsider its
> negative determination as to the petition on behalf of
> former Benee's employees.
>
> In a letter dated April 1, 2005, Labor declined Mr.
> Parent's request because it had "not receive[d] any
> correspondence from [Mr. Parent] previously and there
> [was] no evidence of [his] filing the request for
> reconsideration prior to March 24, 2005," and stated
> that its previous denial notice was now final because
> the filing period for administrative reconsideration
> had expired.

Def.'s Mem. in Supp. Mot. Dismiss ("Def.'s Mem.") at 1-2

(internal citations omitted).


Mr. Parent then appealed to this Court. *See* Letter from

Dennis Parent to U.S. Court of International Trade of 5/19/05.

In that letter, deemed a complaint by the Court Clerk,[1] Mr.

Parent asserts that, in fact, he had requested reconsideration of

Labor's negative determination within 30 days of the notice of

denial's publication in the Federal Register: "I wish to appeal

the decision of the Department of Labor that I did not meet the

date deadline of 30 days after posting with [the] Federal

Register." *Id*. Mr. Parent asserts that he emailed his request

for reconsideration on October 6, 2004. In addition, the record

---

[1]    *See* Letter from U.S. Court of International Trade to
Dennis Parent of 6/10/05.

contains a copy of a letter dated October 13, 2004, in which Mr.

Parent requests reconsideration.  *See* Letter from Dennis Parent

to U.S. Department of Labor of 10/13/04, Admin. R. Doc. 27.  As

explained in defendant's papers,

> Mr. Parent stated that he had attached a copy of all
> his correspondence, which included (1) a facsimile
> cover page from his March 24, 2005, transmission; (2)
> an unsigned letter dated October 6, 2004; and (3) an
> unsigned letter dated November 17, 2004.  *Id*.  The
> unsigned letter dated November 17, 2004, with the
> exception of two minor changes in paragraph 7, is
> identical to the signed letter dated October 13, 2004,
> previously submitted by Mr. Parent to Labor on March
> 24, 2005, as evidence of an attempt to communicate with
> Labor after publication of Labor's adverse
> determination.

Def.'s Mem. at 2-3.

The basis for defendant's motion to dismiss is that the

court lacks subject matter jurisdiction because Mr. Parent failed

to appeal to this court within the sixty days prescribed by

statute[2] following Labor's final determination, which was

published on September 23, 2004, and failed to extend "the date

---

[2]     Title 19 U.S.C. § 2395(a) states in relevant part:

> Any worker . . . aggrieved by a final
> determination of the Secretary of Labor under
> section 2273 of this title . . . may, within
> sixty days after notice of such
> determination, commence a civil action in the
> United States Court of International Trade
> for review of such determination.

for appeal by timely[3] requesting administrative reconsideration."
*Id.* at 7.  Defendant's motion is therefore based on a question of
fact, i.e., whether plaintiff timely sought administrative
review.  Although Mr. Parent, proceeding *pro se*, did not reply to
defendant's motion to dismiss, the court must nonetheless make
its decision based on the complaint.

In the context of a motion to dismiss, "the Court assumes
'all well-pled factual allegations to be true,' construing 'all
reasonable inferences in favor of the nonmovant.'"  *Islip*, 22 CIT
at 854, 18 F. Supp. 2d at 1051 (quoting *Gould,* 935 F.2d at 1274);
*Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed. Cir.
2000).  Thus, the court must assume that Mr. Parent's assertions,
in his complaint, with respect to timely filing of his
application for reconsideration are true.  Defendant's
contentions to the contrary do not overcome this assumption.  If
an examination of the facts should reveal that no timely request
was made, then Labor may make a new motion.  In the context of a

---

[3]     Requests for administrative reconsideration of Labor
determinations are governed by 29 C.F.R. § 90.18, which states in
relevant part:

> Any worker . . . aggrieved by a determination
> . . . may file an application for
> reconsideration of the determination . . . .
> All applications must be in writing and must
> be filed no later than thirty (30) days after
> the notice of the determination has been
> published in the Federal Register.

motion to dismiss, however, establishment of the facts must wait

for another day.  That being the case, defendant's motion fails.


     Therefore, it is hereby

     ORDERED that defendant's motion to dismiss is denied, and it

is further

     ORDERED that the defendant file an answer to plaintiff's

complaint no later than November 21, 2005.


                                    /s/Richard K. Eaton
                                    Richard K. Eaton
Dated:    October 14, 2005
          New York, New York