**Slip Op. 06 – 153**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| SHIMA AMERICAN CORP., | Before: Richard W. Goldberg, |
| Plaintiff, | Senior Judge |
| v. | Court No.  01-00966 |
| UNITED STATES, | |
| Defendant. | |

<u>OPINION</u>

[Plaintiff's motion for summary judgment is granted in part and denied in part.  Defendant's cross-motion for summary judgment is granted.]

Dated: October 17, 2006

Barnes, Richardson, & Colburn (Brian Francis Walsh, Christine Henry Martinez, Kazumune V. Kano) for Plaintiff Shima American Corp.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley), for Defendant United States.

**GOLDBERG, Senior Judge**:  In this action reviewing a denial of a protest under 19 U.S.C. § 1515, Plaintiff Shima American Corp. ("**Shima**") moves the court, under USCIT Rule 56, to enter summary judgment in its favor, and to order the Defendant U.S. Customs and Border Protection ("**Customs**") to reliquidate the entries at issue and to refund the excess duties paid by Shima.  Shima

bases its motion on the "deemed liquidation" provision of 19

U.S.C. § 1504(d), as amended in 1993.  Customs also moves for

summary judgment, contending that while some of Shima's entries

are subject to deemed liquidation, the rest are not.[1]

The Court concludes that the merchandise that Shima

imported between April 1, 1986 and March 31, 1987 is not deemed

liquidated by operation of law.  See 19 U.S.C. § 1504(d) (Supp.

V 1984).  Because Customs properly liquidated these entries on

August 25, 2000, the Court grants Customs' summary judgment

motion and enters judgment in its favor.

## I.   BACKGROUND

Shima imports roller chain from Japan into the United

States.  Between April 1, 1986 and March 31, 1987, Shima made

entries of roller chain through the Port of San Francisco ("**the**

---

[1] Shima made entries through the Port of Chicago (**"the Chicago
entries"**) between the review period of April 1, 1996 to March
31, 1997.  See Pl.'s Mot. Mem. Supp. Summ. J. 3 (**"Pl.'s Br."**);
Def.'s Br. Partial Opp'n Pl.'s Mot. Summ. J. Supp. Cross-Mot.
Summ. J. 2 (**"Def.'s Br."**).  Customs concedes that the Chicago
entries were not liquidated within six months after Commerce's
publication in the Federal Register of the final results of the
administrative review.  Def.'s Br. 4.  Customs further concedes
that these entries are deemed liquidated by operation of law in
accordance with 19 U.S.C. § 1504(d) (1994).  Therefore, any
excess antidumping duties and interest assessed upon liquidation
of these entries should be refunded to Shima with interest on
the refund as provided by law.  Id.  The Court agrees, and a
judgment order shall be entered accordingly.

**San Francisco entries**"). These entries were the subject of an antidumping duty administrative review by the U.S. Department of Commerce (**"Commerce"**). Liquidation of the entries was suspended pending the final results of the administrative review. The final results were published in the Federal Register on November 4, 1991. Commerce revised and republished the final results on April 13, 1992. See Roller Chain, Other than Bicycle, from Japan, 57 Fed. Reg. 12,800 (Dep't of Commerce Apr. 13, 1992) (amended final admin. review). Subsequently, Commerce issued liquidation instructions on November 30, 2000, and Customs liquidated the entries and assessed antidumping duties on December 29, 2000.

After Customs liquidated the San Francisco entries, Shima filed a protest under 19 U.S.C. § 1514 claiming that the entries should have been liquidated at the cash deposit rate because they were "deemed liquidated" under 19 U.S.C. § 1504(d). Customs denied the protest, which prompted Shima to commence this action pursuant to 19 U.S.C. § 1515.

## II.  JURISDICTION

The Court has exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. §

1581(a) (2000).  This action is timely and jurisdiction is proper under 28 U.S.C. § 1581(a).

### III.  STANDARD OF REVIEW

This Court reviews protest denials de novo.  See 28 U.S.C. § 2640(a)(1) (2000) ("The Court of International Trade shall make its determinations upon the basis of the record made before the court in . . . [c]ivil actions contesting the denial of a protest."); see also Rheem Metalurgica S/A v. United States, 20 CIT 1450, 1456, 951 F. Supp. 241, 246 (1996), aff'd 160 F.3d 1357 (Fed. Cir. 1998).

A motion for summary judgment shall be granted if "the pleadings [and discovery materials] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R. 56(c). In ruling on cross-motions for summary judgment, if no genuine issue of material fact exists, the court must determine whether a judgment as a matter of law is appropriate for either party. See Sea-Land Serv., Inc. v. United States, 23 CIT 679, 684, 69 F. Supp. 2d 1371, 1375 (1999), aff'd 239 F.3d 1366 (Fed. Cir. 2001). Summary judgment is proper in this case because there are no genuine issues of material fact.

## IV.  DISCUSSION

### A.  Application of the 1993 Amendment to the San Francisco Entries

This case turns on which version of 19 U.S.C. § 1504(d) is applicable to the San Francisco entries.  19 U.S.C. § 1504 describes the circumstances under which entries will be "deemed liquidated" at the rate asserted by the importer at the time of entry.  If merchandise is not liquidated within one year of entry, § 1504(a) provides that it will be "deemed liquidated." See 19 U.S.C. § 1504(a) (2000).  If liquidation is suspended, different time limits apply.  In 1984, the statute provided as follows:

> (d) Limitation – Any entry of merchandise not liquidated at the expiration of four years from the applicable date specified in subsection (a) of this section, shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record, unless liquidation continues to be suspended as required by statute or court order.  When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom.

19 U.S.C. § 1504(d) (Supp. V 1984).  The ninety-day requirement in the last sentence of this section is directory, not mandatory.  See Am. Permac, Inc. v. United States, 191 F.3d

1380, 1382 (Fed. Cir. 1999) (citing Canadian Fur Trappers Corp. v. United States, 884 F.2d 563, 566 (Fed. Cir. 1989)). As a result, entries that are not liquidated within ninety days of removal of suspension are not deemed liquidated. See id. According to the 1984 version of the statute, Customs had an "unlimited amount of time in which to liquidate entries" if removal of suspension occurred after the four-year time limit. Koyo Corp. of U.S.A. v. United States, 29 CIT __, __, 403 F. Supp. 2d 1305, 1308 (2005).

Section 1504(d) was amended by the 1993 North American Free Trade Agreement Implementation Act. See Pub. L. No. 103-182, § 641, 107 Stat. 2057, 2204-05 (1993). The 1993 version provides as follows:

(d)  Removal of Suspension – When a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry. Any entry not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.

19 U.S.C. § 1504(d) (Supp. V 1993) (emphasis added). The 1993 amendment removed both the four-year time limit and ninety-day "directory" time limit. Instead, if liquidation of entries is

suspended, Customs must liquidate those entries within six months after it receives notice that suspension was removed.

Shima argues that the 1993 amendment applies in this case. If Shima is correct, the San Francisco entries would be deemed liquidated under § 1504(d) because Customs failed to liquidate them within six months after Commerce lifted the suspension of liquidation.  However, the 1993 version of § 1504(d) would have an impermissible retroactive effect if it is applied when the (1) notice of the removal of suspension, (2) the running of the six month period, and (3) the date of liquidation by operation of law all have occurred prior to the effective date of the 1993 amendment.  See Am. Int'l Chem., Inc., v. United States, 29 CIT __, __, 387 F. Supp. 2d 1258, 1265 (2005) (citing Am. Permac, 191 F.3d 1380); accord U.S. Tsubaki, Inc. v. United States, 30 CIT __, __, Slip Op. 06-148 at 15 (Oct. 10, 2006).

In this case, suspension of liquidation of the San Francisco entries was removed on April 13, 1992, when Commerce published the revised final results of the administrative review.  See Int'l Trading Co. v. United States, 281 F.3d 1268, 1277 (Fed. Cir. 2002).  This is the same day Customs received notice of the removal.[2]  See id.  Additionally, the running of

---

[2] Shima alternatively argues that Customs received notice in 2000 when Commerce sent an e-mail concerning liquidation of the San

the six-month period and the date of deemed liquidation

(pursuant to the 1993 amendment) occurred before the effective

date of the 1993 amendment, which was December 8, 1993.

Therefore, the application of the 1993 version of 19 U.S.C. §

1504(d) would have an impermissible retroactive effect in this

case.[3]

B.  **Application of the 1984 Version of 19 U.S.C. § 1504(d) to
    the San Francisco Entries**

The San Francisco entries were more than four years old

when Commerce removed the suspension of liquidation by

publishing the revised final results of the administrative

review on April 13, 1992.  As discussed in Part IV.A., according

---

Francisco entries.  This claim is without merit.  Customs
received notice of the removal of suspension when Commerce
published the results of its final administrative review in the
Federal Register on April 13, 1992.  In American International,
which Shima cites to support its argument, Commerce did not
publish the results of the final administrative review in the
Federal Register until September 10, 2001, which was after the
date that Customs received the e-mail notice.  See 29 CIT at __,
387 F. Supp. 2d at 1262.  In the case at bar, it is irrelevant
that Commerce may have sent an e-mail to Customs regarding
liquidation instructions because Customs had already received
notice of removal of suspension before the enactment of the 1993
amendment.

[3] For a more in-depth discussion of the retroactivity analysis
concerning the 1993 version of 19 U.S.C. § 1504(d), see U.S.
Tsubaki, Inc. v. United States, 30 CIT at __, Slip Op. 06-148 at
8-15.  The parties in Tsubaki made nearly identical arguments to
those made in this case, and each argument is addressed in more
detail in that opinion.

to the 1984 version of § 1504(d), deemed liquidation is not available to entries that are more than four years old at the time suspension of liquidation is removed.  In line with the Federal Circuit's holdings in American Permac and Canadian Fur Trappers, the Court finds that the San Francisco entries are not entitled to deemed liquidation under 19 U.S.C. § 1504(d) as amended in 1984.  See Am. Permac, 191 F.3d at 1382; Canadian Fur Trappers, 884 F.2d at 566.

## V. CONCLUSIONS

For the foregoing reasons, the Court denies in part Shima's motion for summary judgment and grants Customs' cross-motion for summary judgment.  A judgment order will be issued in accordance with these conclusions.


/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

**Date:  October 17, 2006**
**New York, New York**